NELSON v KENDRICK

Docket No. 119002. Submitted November 20, 1990, at Lansing. Decided February 5, 1991, at 9:05 A.M.

Stephen Nelson and his parents, Carl and Marcella Nelson, filed a complaint in the Ingham Circuit Court against Theresa Kendrick, seeking a determination of whether Stephen Nelson is the father of Ms. Kendrick's child and, if so, the establishment of child support and grandparent visitation rights. The court entered an order, as stipulated by the parties, establishing paternity, grandparent visitation rights, and support. Carl and Marcella Nelson thereafter sought enforcement of the visitation order, but the court, James R. Giddings, J., held that it had lacked jurisdiction to establish grandparent visitation rights in the original order and, thus, that that part of the original order was void for lack of jurisdiction. Carl and Marcella Nelson appealed.

The Court of Appeals *held:*

A grandparent may seek an order for child visitation rights from a circuit court only where a child custody dispute involving the child is pending before the court or where the grandparents' child is a natural parent of the minor and is deceased. An action for determination of paternity does not constitute a child custody dispute within the meaning of the section of the Child Custody Act authorizing grandparent visitation rights, MCL 722.27b; MSA 25.312(7b). Therefore, because Stephen Nelson's action to determine paternity did not constitute a child custody dispute as defined by § 7b, the trial court did not err in determining that it had no jurisdiction to entertain the grandparents' claim for visitation rights.

Affirmed.

1. PARENT AND CHILD — GRANDPARENT VISITATION — PATERNITY ACTIONS.

A grandparent of a child may seek an order for visitation only where a child custody dispute with respect to that child is

REFERENCES

Am Jur 2d, Bastards § 63; Parent and Child § 36.
Grandparents' visitation rights. 90 ALR3d 222.

pending before the court or where the grandparents' child is a natural parent of the minor and is deceased; a paternity action by the grandparents' son is not a child custody dispute within the meaning of the section of the Child Custody Act authorizing grandparent visitation rights (MCL 722.27b; MSA 25.312[7b]).

2. WORDS AND PHRASES — CHILD CUSTODY ACT — INCLUDE.

When used in a statute, the word "include" may be construed as a word of enlargement or of limitation and in and of itself is not determinative of which use is intended; on the basis of its use in the entire Child Custody Act, the term "include" as used in the section of the act authorizing grandparent visitation rights, was intended as a term of limitation (MCL 722.27b; MSA 25.312[7b]).

*Youatt, Means & Associates* (by *William G. Youatt*), for Carl and Marcella Nelson.

*Robert Detweiler,* for the defendant.

Before: MACKENZIE, P.J., and MCDONALD and MURPHY, JJ.

PER CURIAM. Plaintiffs Carl and Marcella Nelson appeal from a June 29, 1989, circuit court order finding the court had no jurisdiction to entertain their request for enforcement of an earlier order entered by stipulation of the parties providing them, as paternal grandparents, visitation with a minor, Shane Kendrick. We affirm.

This appeal raises the question whether grandparent visitation may be ordered by a circuit court pursuant to MCL 722.27b; MSA 25.312(7b) during the pendency of a paternity action. We agree with the circuit court and conclude that it may not.

In 1984, Stephen Nelson and his parents, Carl and Marcella Nelson, filed a complaint in the circuit court against defendant Theresa Kendrick to determine Stephen Nelson's paternity of the minor and to establish child support and grandpar-

ent visitation rights. On January 18, 1985, the court entered a stipulated order signed by the parties establishing paternity, visitation, and support and allowing the grandparents visitation rights. In March 1989, Carl and Marcella Nelson sought enforcement of the visitation order. Following a hearing on their motion to show cause, the trial court dismissed the Nelsons' petition, finding the court did not have jurisdiction over the issue of grandparent visitation at the time it entered the original order. Thus, the court concluded, inasmuch as it addressed grandparent visitation rights, the original order was void for lack of jurisdiction. On appeal, the grandparents claim the court erred in concluding it lacked jurisdiction to order grandparent visitation. We disagree.

Grandparent visitation rights are expressly created by statute as part of the Child Custody Act, MCL 722.27b; MSA 25.312(7b). The statute states in pertinent part:

> (1) Except as provided in this subsection, a grandparent of the child may seek an order for visitation in the manner set forth in this section only if a child custody dispute with respect to that child is pending before the court. If a natural parent of an unmarried child is deceased, a parent of the deceased person may commence an action for visitation.

Thus a grandparent may seek an order for visitation from a circuit court only where either a child custody dispute is pending before the court or the grandparents' child is a natural parent of the minor and is deceased. The second alternative clearly being inapplicable to the instant facts, we must determine whether Stephen Nelson's complaint for determination of paternity constitutes a "child custody dispute" within the meaning of the

section of the act authorizing grandparent visitation rights. This determination need not be made in a vacuum, however, as the statute provides a clear definition of the term "child custody dispute" as used in the pertinent section of the act. Section 7b(2) states:

> As used in this section, "child custody dispute" *includes* a proceeding in which any of the following occurs:
>
> (a) The marriage of the child's parents is declared invalid or is dissolved by the court, or a court enters a decree of legal separation with regard to the marriage.
>
> (b) Legal custody of the child is given to a party other than the child's parent, or the child is placed outside of and does not reside in the home of a parent, excluding any child who has been placed for adoption with other than a stepparent, or whose adoption by other than a stepparent has been legally finalized. [Emphasis added.]

Stephen Nelson's paternity action is clearly not one of the proceedings included in the definition.

When used in a statute, the word "include" may be construed as a word of enlargement or limitation and is not in and of itself determinative of how it is intended to be used. *Belanger v Warren Consolidated School Dist, Bd of Ed,* 432 Mich 575, 587, n 25; 443 NW2d 372 (1989). Here, a review of the entire Child Custody Act leads us to believe the term "include" in § 7b(2) was meant to be a term of limitation. The phrase "child custody dispute" or variations thereof is located in each section of the act and appears to apply to any number of situations or actions wherein the placement of a child must be determined. The term or phrase is not accorded a definition other than its normal usage in any section of the act other than

§ 7b. Thus, because the term is broad and is not defined in other sections, its specific definition in the instant section must be interpreted as a limitation on its broad general usage.

As Stephen Nelson's action to determine paternity did not constitute a child custody dispute as defined by § 7b, the section authorizing grandparent visitation, we find no error in the trial court's determination that it had no jurisdiction to entertain plaintiffs' claim for such visitation rights.

Affirmed.