FRAME v NEHLS

Docket No. 168015. Submitted December 6, 1994, at Grand Rapids. Decided January 17, 1995, at 10:20 A.M. Leave to appeal sought.

Gina E. Frame brought a paternity action in the Kalamazoo Circuit Court against Jay J. Franklin Nehls. The court, William G. Schma, J., adjudged the defendant to be the father of the child. Stephen Nehls, the child's paternal grandfather, then sought the right to visit the child. The court denied the request, ruling that it had to follow *Nelson v Kendrick,* 187 Mich App 367 (1991), which held that grandparent visitation rights cannot be sought in a paternity action because MCL 722.27b; MSA 25.312(7b), in part, allows a grandparent to seek an order of visitation only if a child custody dispute involving the child is pending in court. Stephen Nehls appealed.

The Court of Appeals *held:*

1. *Nelson* failed to address language in § 7b dealing with visitation rights for parents of a putative father. Because *Nelson* failed to address a statutory section needed for full consideration of the issue, Administrative Order No. 1994-4 does not bind the Court of Appeals to follow *Nelson.*

2. Section 7b violates a grandparent's and a grandchild's rights to equal protection to the extent it allows grandparents of a child born to separated or divorced parents to seek visitation rights when a child custody dispute is pending but does not allow grandparents of a child born out of wedlock to seek in a paternity action visitation rights to the child. The classifications created by § 7b are not related to any legitimate governmental interest.

Reversed and remanded.

CHILDREN BORN OUT OF WEDLOCK — CHILD CUSTODY ACT — VISITA-
TION BY GRANDPARENTS — CONSTITUTIONAL LAW — EQUAL
PROTECTION.

Section 7b of the Child Custody Act, to the extent that it allows

REFERENCES

Am Jur 2d, Constitutional Law §§ 754, 755, 767; Parent and Child § 36.

Discrimination on basis of illegitimacy as denial of constitutional rights. 38 ALR3d 613.

Grandparents' visitation rights. 90 ALR3d 222.

the grandparents of a child whose custody is being disputed in court by the child's separated or divorced parents to seek the right to visit the child but does not allow the grandparents of a child born out of wedlock to seek in a paternity action the right to visit the child, violates equal protection (MCL 722.27b; MSA 25.312[7b]; US Const, Am XIV; Const 1963, art 1, § 2).

*Miller, Johnson, Snell & Cummiskey* (by *Harry Contos, Jr.*), for Gina E. Framme.

*Richard D. Stroba,* for Stephen Nehls.

Before: MICHAEL J. KELLY, P.J., and CONNOR and J. M. GRAVES, JR.,* JJ.

CONNOR, J. Stephen Nehls (hereafter "appellant") appeals as of right from the trial court's order awarding summary disposition in favor of plaintiff and dismissing appellant's petition for grandparent visitation rights with his grandson, Dustin. Appellant is the paternal grandfather of Dustin, who was born out of wedlock to plaintiff Gina E. Frame and defendant Jay J. Franklin Nehls. We reverse and remand.

Dustin was born in March of 1991. In May of 1993, defendant was adjudicated Dustin's father, ordered to support him, and granted visitation.

After the trial court determined that Jay Nehls was Dustin's father, appellant moved for grandparent visitation rights with the child. The trial court granted summary disposition in favor of plaintiff on the grounds that *Nelson v Kendrick,* 187 Mich App 367; 466 NW2d 402 (1991), precludes the award of grandparent visitation in a paternity action. On appeal, appellant claims that *Nelson* was wrongly decided and that the provision of the Child Custody Act upon which it relied, MCL 722.27b; MSA 25.312(7b), violates equal protection. We agree.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Grandparent visitation rights are expressly created by statute as part of the Child Custody Act, MCL 722.27b; MSA 25.312(7b), which provides in part:

> (1) Except as provided in this subsection, a grandparent of the child may seek an order for visitation in the manner set forth in this section only if a child custody dispute with respect to that child is pending before the court. . . .
>
> *       *       *
>
> (3) A grandparent seeking a grandchild visitation order may commence an action for grandchild visitation, by complaint or complaint and motion for an order to show cause, in the circuit court in the county in which the grandchild resides. . . . A grandchild visitation order shall not be entered for the parents of a putative father unless the father has . . . been adjudicated to be the father by a court of competent jurisdiction . . . .

We believe the above-quoted language indicates that grandparent visitation is statutorily recognized in paternity actions.

In *Nelson,* the trial court entered a stipulated order establishing paternity, visitation, and support, and allowing visitation by grandparents. *Nelson, supra,* 369. However, when the grandparents attempted to enforce the visitation order, the trial court ruled that it had no jurisdiction over the issue of the grandparent visitation at the time it entered the original order and that, "inasmuch as it addressed grandparent visitation rights, the original order was void for lack of jurisdiction." *Id.* On appeal, this Court concluded that the trial court had ruled properly because the father's action to determine paternity did not constitute a child custody dispute as defined by § 7b. *Id.* at 370-371.

*Nelson* did not address language in MCL

722.27b(3); MSA 25.312(7b)(3) dealing with grand-child visitation for the parents of a putative father. Because *Nelson* failed to address a statutory section needed for full consideration of the issue, Administrative Order No. 1994-4 is not controlling and we are not bound by *Nelson.*

Equal protection of the law is guaranteed by the federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 2. The constitutional guarantee of equal protection requires that persons in similar circumstances be treated alike. *El Souri v Dep't of Social Services,* 429 Mich 203, 207; 414 NW2d 679 (1987). When a legislative classification is challenged as being violative of equal protection, the standard utilized to determine its validity depends on the type of classification and the nature of the interest affected. *Dep't of Civil Rights ex rel Forton v Waterford Twp,* 425 Mich 173, 190; 387 NW2d 821 (1986).

Classifications based on illegitimacy are subject to intermediate or "heightened" scrutiny under the Equal Protection Clause of the Fourteenth Amendment. *Clark v Jeter,* 486 US 456, 461; 108 S Ct 1910; 100 L Ed 2d 465 (1988); and see *Gerhardt v Estate of Moore,* 150 Wis 2d 563; 441 NW2d 734 (1989) (statutory scheme similar to Michigan's statute invalidated on equal protection grounds). The Equal Protection Clause of the Michigan Constitution provides the same level of protection as the federal counterpart. *Doe v Dep't of Social Services,* 439 Mich 650, 672; 487 NW2d 166 (1992). Under intermediate scrutiny, the statutory classification must be substantially related to an important governmental interest. *Clark, supra,* 461; and see *Dep't of Civil Rights, supra,* 191.

We find that *Nelson's* interpretation of § 7b deprives appellant of equal protection of the law and therefore should not be followed. Appellant is the paternal grandfather of the child. His son is

not married to the child's mother, but his son has been judicially adjudicated to be the child's father. Section 7b of the Child Custody Act provides that the grandparent of a child involved in a child custody dispute is entitled to pursue grandparent visitation. The *Nelson* Court found that § 7b did not provide the court with jurisdiction to order grandparent visitation rights to the grandparents of a child born out of wedlock. The grandparents of a child born to married parents would be entitled to pursue visitation rights pursuant to § 7b. This classification, seemingly based upon the fortuity of a marriage contract, is not related to an important governmental interest, and constitutes a deprivation of equal protection with regard to both the child and his grandfather.

The injustice of this dichotomy is exacerbated by the provision in § 7b(3) that grandchild visitation is permissible when a putative father acknowledges paternity, as long as the visitation request occurs in the context of a "child custody" dispute and not in a paternity proceeding. Because the classification resulting from § 7b and *Nelson*'s interpretation of it is arbitrary, it violates appellant's and Dustin's rights to equal protection of the law and, therefore, should be set aside.

Even if this case was considered under the most lenient "rational basis" test, we believe the outcome would be the same. There appears to be no conceivable set of facts demonstrating that the legislative judgment reflected in the classification is rationally related to any legitimate governmental interest. We can envision no well-founded reason to treat the grandparents of children born out of wedlock differently if paternity is established.

Reversed and remanded.