CITY OF ST LOUIS v MICHIGAN UNDERGROUND STORAGE
TANK FINANCIAL ASSURANCE POLICY BOARD

Docket No. 156447. Submitted December 20, 1995, at Grand Rapids.
Decided January 12, 1996, at 9:30 A.M.

The City of St. Louis appealed to the Gratiot Circuit Court the
denial by the Michigan Underground Storage Tank Financial
Assurance Policy Board of the city's claim for reimbursement
of amounts incurred by the city in cleaning up contamination
caused by a leaking underground storage tank located on
property the city had acquired. The administrator of the Michi-
gan Underground Storage Tank Assurance Fund had denied
the city's claim on the basis of the city's failure to register the
tank and its failure to report to the state fire marshal within
twenty-fours hours of its discovery the fact that there had been
a release of contamination into the environment. Following
administrative review, including a contested case hearing, the
Michigan Underground Storage Tank Financial Assurance Pol-
icy Board issued a final order denying the city's claim on the
basis of the city's failure to comply substantially with the
reporting requirements of § 9(1)(c) of 1989 PA 152, MCL
299.809(1)(c); MSA 13.29(209)(1)(c), now repealed, that required
that a release of contamination into the environment be re-
ported to the state fire marshal within twenty-four hours of the
discovery of the release. The court, Randy L. Tahvonen, J.,
affirmed. The city appealed.

The Court of Appeals *held:*

1. The board's denial of the city's claim did not abridge the
city's constitutional right to equal protection of the law. There
is no question that the city failed to comply with the twenty-
four-hour reporting requirement of § 9(1)(c), it having reported
the release a month and a half after it had actual knowledge of
the release and more than three months after its agent knew of
the release. There is a rational basis for the reporting require-
ment and, accordingly, a rational basis for denying the city's
claim on the basis of the failure to comply substantially with

REFERENCES

Am Jur 2d, Constitutional Law § 748.
See ALR Index under Equal Protection of Law.

the reporting requirement. The fact that the board approved the claims of others that did not comply strictly with the reporting requirement did not make the denial of the city's claim a denial of equal protection, because the board found that the natures of the noncompliance with respect to the other claims were factually distinguishable from the nature of the noncompliance in this matter.

2. Because the city failed to comply with the statutory reporting requirement, it was not entitled to assert any property right to payment by the fund and, thus, is not able to establish that the board's refusal to order payment by the fund was a violation of the city's right to due process.

3. The board's decision, made after full consideration of the facts surrounding the city's noncompliance with the statutory reporting requirement, cannot be said to be either arbitrary or capricious.

Affirmed.

CONSTITUTIONAL LAW — EQUAL PROTECTION — RATIONAL BASIS — UNDERGROUND STORAGE TANK FINANCIAL ASSURANCE FUND.

A constitutional challenge to the denial of a claim made to the Michigan Underground Storage Tank Financial Assurance Fund on the basis that the denial of the claim constituted an abridgment of the claimant's right to equal protection of the law is reviewed under the rational basis standard (US Const, Am XIV; Const 1963, art 1, § 2; former MCL 299.801 *et seq.*; MSA 13.29[201] *et seq.*).

*Scholten and Fant* (by *Matthew C. Van Hoef*), for the claimant.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *A. Michael Leffler* and *Deborah K. Isom,* Assistant Attorneys General, for the respondent.

Before: HOOD, P.J., and YOUNG and T. L. BROWN,* JJ.

PER CURIAM. Claimant appeals as of right the circuit court's order affirming respondent's denial of claimant's application for funds under the Mich-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

igan Underground Storage Tank Financial Assurance Act (MUSTFAA), MCL 299.801 *et seq.*; MSA 13.29(201) *et seq.* We affirm.

In October 1988, claimant purchased a parcel of property that had formerly been used as a gasoline station. Claimant planned to convert the property into a useful parcel in order to revitalize its downtown business district. Although claimant knew there were underground storage tanks on the property, it believed that the debtor-in-possession (the former owner was in bankruptcy) had taken the necessary legal steps with regard to the tanks. Claimant was aware that the tanks had been emptied and filled with water several years before it purchased the property.

Claimant began cleanup operations and contracted with Gar Tech, Incorporated, to investigate the site for contamination. Gar Tech discovered contamination on August 24, 1989, but did not report it to the state fire marshal or inform claimant that it had an obligation under the MUSTFAA to report the release of contaminants. According to claimant, it was not aware of the laws regarding underground storage tanks (USTS) and did not know it had a duty to report the release. In October 1989, during removal of the tanks, claimant discovered holes in the bottom of one tank and contaminated soil underneath. Claimant called Gar Tech to oversee remediation and did not report the discovery because it still had not been informed of an obligation to do so.

On December 4, 1989, a trucking company that claimant had contracted with to excavate the contaminated soil informed claimant of its obligation to report the release. Claimant called the state fire marshal hotline on December 5, 1989, to report the release.

Claimant's claim under the MUSTFAA was sub-

mitted on February 12, 1990. The fund administrator denied the claim on March 12, 1990, because the USTS had not been registered and the release had not been reported within twenty-four hours of its discovery. Respondent upheld the denial of the claim on April 25, 1990.

Claimant requested a contested case proceeding, and a hearing referee, after a hearing, issued a proposal for decision on March 12, 1991. Respondent issued a final order denying fund access to claimant on December 18, 1991. Claimant appealed this decision to the circuit court, which affirmed respondent's denial of claimant's request for MUSTFAA funds.

Respondent did not consider claimant's failure to register the USTS as a factor in its decision.[1] It was respondent's policy that USTS removed before January 1990 need not be registered as a condition precedent for approval of a MUSTFAA claim. The basis for respondent's decision was claimant's failure to report the discovery of the release until December 5, 1989, and claimant's resulting failure to comply substantially with the requirements of the act.

Claimant claims that its right to equal protection was abridged by respondent's denial of its claim for payment of funds. This argument is based on claimant's assertion that other similarly situated entities have been provided funds, and many of the cited cases involved greater noncompliance with the pertinent statutory criteria.

Both the federal and state constitutions guarantee equal protection of the law, which requires

[1] The parties have stipulated the amendment of the record to reflect that the USTS were in fact registered by a prior owner, who listed 68 Washington Street, an incorrect (nonexistent) address. The parties indicate, and we agree, that this has no effect on the issues in this appeal.

that similarly situated persons be treated alike. US Const, Am XIV; Const 1963, art 1, § 2; *Frame v Nehls,* 208 Mich App 412, 415; 528 NW2d 773 (1995). The standard used to determine whether the right to equal protection is being violated in a particular case is dependent upon the classification and the nature of the affected interest. *Frame, supra.* It is clear that in this case the rational basis standard should be applied. *Bissell v Kommareddi,* 202 Mich App 578, 580; 509 NW2d 542 (1993).

Under the rational basis test, we presume the legislation is constitutional, *Doe v Dep't of Social Services,* 439 Mich 650, 662; 487 NW2d 166 (1992), and the party attacking the legislation carries the burden of proving that the classification is arbitrary and has no rational relationship to the objective of the legislation. *Bissell, supra.* Provided any set of facts reasonably can be conceived to justify the alleged discrimination, a rational basis shall be found to exist. *Id.* A classification that has a rational basis need not be mathematically precise in its discrimination, nor is it invalid because it results in some inequity. *Weeks v Bd of Trustees, Detroit General Retirement System,* 160 Mich App 81, 86; 408 NW2d 109 (1987).

We reject claimant's argument that there was no rational basis for respondent's denial of its claim for funds under the MUSTFAA. There are certain requirements for compliance under the act, and respondent found that claimant failed to comply substantially with the requirement that a release be reported within twenty-four hours after confirmation. Respondent noted that while it had approved claims in some cases where the claimant failed to strictly comply with the act, it could distinguish claimant's case. Respondent noted that claimant delayed reporting the release for a long

period and that it essentially had two opportunities to report the release: when its agent, Gar Tech, first discovered it in August 1989 and when its employees discovered holes and contaminated soil in October 1989.

The stated objectives of the MUSTFAA are

> to assist persons . . . in meeting the financial responsibility requirements . . . to address certain problems associated with releases from petroleum , underground storage tank systems, and to promote compliance with the underground storage tank regulatory act . . . and the leaking underground storage tank act. [MCL 299.802; MSA 13.29(202).]

Respondent denied claimant's claim for failing to comply with the reporting requirements. In light of the objectives of the act, the reasons stated above justify respondent's drawing a distinction between claimant's claim and the prior claims involving a failure to comply strictly with the requirements of the act.

Claimant next argues that respondent's decision to deny it access to MUSTFAA funds was arbitrary, capricious, and unreasonable and violated its right to due process. We disagree.

The federal and state constitutions guarantee that a person will not be deprived of life, liberty, or property without due process of law. US Const, Am V; Const 1963, art 1, § 17. Invocation of the right to due process necessarily requires involvement of a life, liberty, or property interest. *Williams v Hofley Mfg Co,* 430 Mich 603, 610; 424 NW2d 278 (1988); *Verbison v Auto Club Ins Ass'n,* 201 Mich App 635, 638; 506 NW2d 920 (1993). For a property interest in a benefit, such as funds under the MUSTFAA, to exist, a person must have more than just a need, desire for, or a unilateral expectation of the benefit. *Williams, supra.* A

claimant must have a legitimate claim of entitlement to the benefit. *Id.*

Under the MUSTFAA, there are several eligibility requirements. MCL 299.809; MSA 13.29(209). Claimant was found ineligible for funds for having failed to comply with the requirement that the release be reported within twenty-four hours of its discovery. MCL 299.809(1)(c); MSA 13.29(209)(1)(c). For this reason, claimant did not have a legitimate claim of entitlement to the funds, and, therefore, it has no property interest through which to claim a violation of due process.

Finally, claimant argues that respondent's decision is arbitrary and contrary to law simply because it denied claimant access to funds although it approved funds for other claimants that, according to claimant, had complied with the requirements of the MUSTFAA to a lesser degree than had claimant. We are permitted to set aside a decision of an agency where it is arbitrary, capricious, or an abuse of discretion. MCL 24.306(e); MSA 3.560(206)(e). Our Supreme Court has defined "arbitrary" and "capricious":

> Arbitrary is: " '[W]ithout adequate determining principle . . . Fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, . . . decisive but unreasoned.' "
>
> Capricious is: " '[A]pt to change suddenly; freakish; whimsical; humorsome.' " [*Bundo v Walled Lake,* 395 Mich 679, 703, n 17; 238 NW2d 154 (1976), quoting *United States v Carmack,* 329 US 230, 243; 67 S Ct 252; 91 L Ed 209 (1946) (alterations in original).]

In making its decision, respondent considered the facts of the other prior claims used by claim-

ant to support its argument that it should receive funds despite its noncompliance with the requirements of the MUSTFAA. The factual settings of the other claims were distinguished from the factual setting of this case. Respondent reviewed the fund administrator's denial of claimant's claim and the administrative record of the contested case hearing. After relying on the statutory criteria, respondent made its decision. We find respondent's decision neither arbitrary nor capricious.

Affirmed.