DEEPDALE MEMORIAL GARDENS v ADMINISTRATIVE
SECRETARY OF CEMETERY REGULATIONS

Docket No. 98754. Submitted March 16, 1988, at Lansing. Decided
July 5, 1988.

Deepdale Memorial Gardens, a limited partnership, sought a
declaratory judgment in the Ingham Circuit Court that MCL
339.1812; MSA 18.425(1812), which prohibits a cemetery owner
from owning or managing a funeral establishment, is unconsti-
tutional, as applied to Deepdale, as a violation of the Due
Process and Equal Protection Clauses of the federal and state
constitutions. Defendants, the Administrative Secretary of Cem-
etery Regulations for the State of Michigan, A. J. Desmond &
Sons Funeral Directors, Inc., and the Michigan Funeral Direc-
tors Association, Inc., moved for summary disposition. The trial
court, Robert Holmes Bell, J., granted the motion and entered
a judgment and order accordingly. Deepdale appealed. The Pre-
Arrangement Association of America was granted leave to file
an amicus curiae brief with the Court of Appeals.

The Court of Appeals *held*:

1. Prohibiting a cemetery owner from obtaining a mortician's
license neither involves a fundamental interest nor a suspect
classification. Section 1812 is social and economic in nature.

2. The trial court correctly determined that § 1812 bears a
rational relationship to legitimate governmental purposes. De-
fendants' motion for summary disposition was properly
granted.

3. Use of the traditional rational basis test in this action was
proper. The higher substantial relation to the purpose of the
statute standard is not appropriate in this action.

4. The Legislature had an ample, rational basis to conclude
that competition in the cemetery and funeral businesses was
preserved by prohibiting one agency from both owning and
operating a cemetery and acting as a mortician.

Affirmed.

REFERENCES

Am Jur 2d, Cemeteries § 6.

Am Jur 2d, Constitutional Law §§ 382 *et seq.* 404, 775.

Validity and construction of statute, ordinance, or other regulation
in relation to funeral directors and embalmers. 89 ALR2d 1338.

1. CONSTITUTIONAL LAW — STATUTES — POLICE POWER — EQUAL
   PROTECTION — RATIONAL BASIS TEST.

   Statutes which are an exercise of the state's police power and
   deal primarily with socioeconomic interests generally are re-
   viewed for an equal protection violation using the traditional
   rational basis test; a statute is presumed constitutional under
   the test and the challenger must meet the burden of showing
   that either: (1) under any reasonable state of facts, the statute
   does not serve a legitimate governmental purpose, or (2) the
   classification does not bear a rational relationship to a legiti-
   mate state purpose.

2. COMMERCE — CEMETERIES — FUNERAL ESTABLISHMENTS — RE-
   STRICTED OWNERSHIP — CONSTITUTIONAL LAW.

   The statute which prohibits a cemetery owner from owning or
   managing a funeral establishment does not violate a cemetery
   owner's due process or equal protection rights; the legislation
   has an ample, rational basis (MCL 339.1812; MSA 18.425[1812]).

*Thomas & Jensen, P.C.* (by *Peter C. Jensen*), for
Deepdale Memorial Gardens.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Michael A. Lock-
man,* Assistant Attorney General, for the Adminis-
trative Secretary of Cemetery Regulations.

*Dickinson, Wright, Moon, Van Dusen & Free-
man* (by *Joseph A. Fink* and *Peter H. Ellsworth*),
for A. J. Desmond & Sons Funeral Directors, Inc.,
and the Michigan Funeral Directors Association,
Inc.

Amicus Curiae:

*Ralls & Mackey, P.C.* (by *William Reid Ralls*),
for the Pre-Arrangement Association of America.

Before: GRIBBS, P.J., and BEASLEY and G. A.
DRAIN,* JJ.

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

BEASLEY, J. Plaintiff, Deepdale Memorial Gardens, a limited partnership, appeals from a judgment entered in favor of defendants, the Administrative Secretary of Cemetery Regulations for the State of Michigan, A. J. Desmond & Sons Funeral Directors, Inc., and Michigan Funeral Directors Association, Inc. The judgment was awarded pursuant to an order for summary disposition under MCR 2.116(C)(10). On appeal, we affirm the judgment.

Deepdale had sought a declaratory judgment that MCL 339.1812; MSA 18.425(1812), which prohibits a cemetery owner from owning or managing a funeral establishment, was unconstitutional, as applied to Deepdale, as a violation of the Due Process and Equal Protection Clauses of the federal and state constitutions.

In 1984, Deepdale's request to the State Board of Mortuary Science for a license to operate a funeral home on five acres adjoining its cemetery was denied under § 1812, which provides as follows:

(1) An individual, partnership, association, municipal corporation, body politic, or corporation which owns or conducts, either directly or indirectly, a cemetery or burial ground in this state shall not own, manage, supervise, operate, or maintain, either directly or indirectly, a funeral establishment, or permit an officer, agent, or employee to own or maintain a funeral establishment. This subsection shall not apply to an elected official of a city, village, township, or county who serves as an ex officio member of a local cemetery board as a result of holding that office.

(2) An individual, partnership, association, municipal corporation, body politic, or corporation which owns or conducts a cemetery in this state shall not allow a funeral establishment to be owned or conducted on property owned or leased

by the cemetery and used for cemetery purposes or designated as a cemetery.

(3) This section shall not prohibit the owner of a private burial ground used for the interment of the owner's family or the owner's descendants to own or maintain a funeral establishment under this article.

On appeal, the issue is: Was MCL 339.1812; MSA 18.425(1812) unconstitutional as applied in the denial of plaintiff cemetery's application for a funeral establishment license?

In arguing that it was unconstitutional, plaintiff cemetery claimed that the statute violated both the federal and state Equal Protection Clauses.[1] The parties here assumed that the proper test to be applied should be the same for a challenge under either the Due Process Clause or the Equal Protection Clause. While we might not otherwise lump together these constitutional issues, because Deepdale bases its argument on authority and reasoning associated with equal protection analysis, we will treat the issue as an equal protection one. This approach finds support in *Fox v Employment Security Comm*,[2] where the Supreme Court said:

This Court has held numerous times that the Michigan Const 1908, art 2, § 1, secures the same right of equal protection as does its counterpart in the Constitution of the United States. *Gauthier v Campbell, Wyant & Cannon Foundry Company*, 360 Mich 510, 514 [104 NW2d 182 (1960)], and cases therein cited. The same provisions in Const 1963, art 1, §§ 1 and 2, must likewise be held to afford the same rights as the Federal equal protection clause.

---

[1] US Const, Am XIV; Const 1963, art 1, § 2.

[2] 379 Mich 579, 588; 153 NW2d 644 (1967).

In Michigan, the leading case regarding this type of Equal Protection Clause issue continues to be the three to two decision in *Manistee Bank & Trust Co v McGowan,*[3] where the Supreme Court struck down as unconstitutional the guest passenger statute. In the majority opinion in *Manistee Bank,* Justice LEVIN said the two principal problems in judicial review under the Equal Protection Clause are, first, the role of the courts in constitutional adjudication, and, second, the test to be applied. He pointed out that, in *Manistee Bank,* many believed that the Legislature would have been the proper forum for deciding whether to repeal or amend the guest passenger statute. While we would opt in the within case for the view that the Legislature is a more appropriate arena to resolve whether or not cemetery owners should be prohibited from holding funeral director's licenses, we note that in *Manistee Bank* Justice LEVIN not only afforded full judicial review but, in fact, decided that the then forty-five-year-old guest passenger statute was unconstitutional. He also said, "[a]ll agree that the power of the Legislature is not without limits."[4] Under these circumstances, we hesitate to interpret *Manistee Bank* to permit us to abstain from judicial review. On the contrary, we believe we are required to afford judicial review of this Equal Protection Clause issue.

In his opinion, Justice LEVIN indicated the various standards for such judicial review. He said if the interest is "fundamental" or the classification "suspect," the court applies a strict scrutiny test requiring the state to show a "compelling" interest

---

[3] 394 Mich 655; 232 NW2d 636 (1975).

[4] *Id.* at 666.

which justifies the classification.[5] But, if the legislation is principally social and economic, then the *traditional* equal protection test applies. Obviously, prohibiting a cemetery owner from obtaining a mortician's license neither involves a fundamental interest nor a suspect classification. The legislation here is social and economic in nature, as is indicated by its purposes.

Justice Levin suggested that there are two *traditional* equal protection tests. One is that if any conceivable state of facts justifies the classification, the legislation is constitutional (*Dandridge*[6] test). The other is that if there is a fair and substantial relation to the object of the legislation, then it is constitutional (*Reed*[7] test). After expounding the pros and cons of the standards, he concluded:

> Whatever label is attached to the analysis—whether traditional equal protection, *Dandridge* test, *Reed* test, means scrutiny, or "a complete and realistic balancing of interests"—"the governing rule is one of reason: The Equal Protection Clause, like the Due Process Clause, is a guaranty that controls the reasonableness of governmental action." The classification must be a reasonable one, and it must bear a reasonable relation to the object of the legislation.
>
> What is reasonable is in each instance a matter of judgment. In the final analysis, it is a value judgment and should be recognized as such. "Whether the court *upholds or invalidates* a statute, the court is making policy, making value judgments." (Emphasis supplied.)
>
> So, too, is the choice of test a matter of judgment. In my judgment, at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no

[5] *Manistee Bank, supra* at 668.

[6] See *Dandridge v Williams,* 397 US 471, 485-486; 90 S Ct 1153; 25 L Ed 2d 491 (1970).

[7] See *Reed v Reed,* 404 US 71; 92 S Ct 251; 30 L Ed 2d 225 (1971).

longer experimental, the substantial-relation-to-the-object test should be applied.[8]

In his written opinion, the trial judge dealt extensively with *Manistee Bank,* saying:

> [S]ome form of the restriction embodied in § 1812 has been in effect for over thirty years. In this sense, it would no longer seem to constitute "experimental" legislation. However, it appears § 1812 has received repeated and recent legislative attention. As recently as December, 1982, the Senate considered and rejected a bill to repeal § 1812. This circumstance indicates the statute may be considered as being still experimental in nature.

The trial judge placed reliance upon *McAvoy v H B Sherman Co,*[9] saying:

> The *McAvoy* court went on to rule that where, as here, the challenged legislation is primarily social and economic, involving property rights, not fundamental rights, the "substantial relation" test recognized in *Manistee Bank* is not applicable.

Defendants assert that MCL 339.1812; MSA 18.425(1812) has four purposes:

> (1) Preservation and promotion of competition within the cemetery industry and the funeral profession;
> (2) Protection of consumers by ensuring the independence of the funeral profession;
> (3) Preservation and maintenance of the personal and professional service aspects of funeral directing; and
> (4) Ensuring public accountability of funeral professionals.

---

[8] *Manistee Bank, supra* at 671.
[9] 401 Mich 419, 453; 258 NW2d 414 (1977).

Noting a senator's voiced objection to the 1982 repeal bill, the trial judge concluded that § 1812 contained a rational relationship to legitimate governmental purposes and, therefore, awarded summary disposition to defendants. We believe the trial judge reached the correct result. Generally, statutes such as § 1812, which exercise the state's police power and deal primarily with socioeconomic interests, are reviewed using the traditional rational basis test.[10] A statute is presumed constitutional and the challenger must meet the burden of showing that either: (1) under any reasonable state of facts, the statute does not serve a legitimate governmental purpose; or (2) the classification does not bear a rational relationship to a legitimate state purpose.[11]

Deepdale argues that the higher "substantial relation to the purpose of the statute" standard used by the majority in *Manistee Bank* is appropriate here. This contention is essentially based on an already quoted portion of one paragraph in the opinion of Justice LEVIN:

> In my judgment, at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental, the substantial-relation-to-the-object test should be applied.[12]

We do not agree and reject this higher standard for two reasons. First, we believe that the almost constant legislative attention to the statute in the form of repeal attempts indicates the statute is still somewhat experimental. Also, we believe that

---

[10] *Anderson v Grosse Pointe Park Fire Dep't,* 134 Mich App 790; 352 NW2d 697 (1984).

[11] *McAvoy, supra.*

[12] *Manistee Bank, supra* at 671.

the trend in subsequent decisions has been away from the means scrutiny for cases which do not involve fundamental rights or suspect classifications, see *Anderson v Grosse Pointe Park Fire Dep't*[13] and *Michigan State Employees Ass'n v MESC.*[14]

For these reasons, we do not believe that this case falls within the *Manistee Bank* exception that would require a substantial relation to a governmental purpose. But, if we did, we would nevertheless believe that the Legislation here in question bears a substantial relation to legitimate governmental purposes. While there is plenty of room for a difference of opinion, we would believe that the Legislature had an ample, rational basis to conclude that competition in the cemetery and funeral businesses was preserved by prohibiting one agency from both owning and operating a cemetery and acting as a mortician. Consequently, under either test, we would affirm.

Affirmed.

---

[13] *Supra,* n 10.
[14] 94 Mich App 677, 689; 290 NW2d 729 (1980).