KATT v INSURANCE BUREAU

KATT v COMMISSIONER OF INSURANCE

Docket Nos. 131653, 131654. Submitted March 3, 1993, at Lansing. Decided July 19, 1993, at 9:35 A.M. Leave to appeal sought.

Peter Katt, a life insurance agent, sought review by the Ingham Circuit Court of a ruling by the Commissioner of Insurance that a proposal to rebate to the policyholders commissions earned on sales of life insurance policies would violate Insurance Code provisions that ban the rebating of premiums, MCL 500.2024; MSA 24.12024, MCL 500.2066; MSA 24.12066, and MCL 500.2070; MSA 24.12070. Katt also brought an action in the Ingham Circuit Court against the commissioner and the Insurance Bureau, seeking declaratory and injunctive relief on the basis that the antirebate provisions of the Insurance Code violate the Due Process Clause of the Michigan Constitution. The court, Lawrence M. Glazer, J., after consolidating the proceedings, granted summary disposition for the commissioner and the bureau. Katt appealed.

The Court of Appeals *held:*

The antirebate provisions, enacted pursuant to the state's police powers, comport with due process. The provisions bear a reasonable relation to achieving proper legislative purposes of eliminating discrimination among policyholders based on considerations other than risk and expenses, promoting the solvency of insurers, and promoting public convenience in the comparison of insurance costs.

Affirmed.

INSURANCE — LIFE INSURANCE — REBATES TO POLICYHOLDERS — INSURANCE CODE.

Provisions in the Insurance Code banning the rebating of commissions earned by life insurance agents or brokers to policyholders are not violative of the agents' or brokers' rights to due process under the Michigan Constitution (Const 1963, art 1,

REFERENCES

Am Jur 2d, Insurance §§ 33, 831, 832.

Insurance anti-rebate statutes: validity and construction. 90 ALR4th 213.

§ 17; MCL 500.2024, 500.2066, 500.2070; MSA 24.12024, 24.12066, 24.12070).

*Reid & Reid* (by *Patrick R. Hogan*), and *Cornish F. Hitchcock* and *Alan B. Morrison,* for Peter Katt.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *E. John Blanchard,* Assistant Attorneys General, for Insurance Bureau and Commissioner of Insurance.

*Zagaroli, Colpean & Venuto, P.C.* (by *Michael A. Zagaroli* and *Frank R. Venuto*), for Independent Insurance Agents of Michigan, Michigan Association of Professional Insurance Agents, Michigan State Association of Life Underwriters, and Jackson National Life Insurance Company.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals as of right from a July 19, 1990, Ingham Circuit Court order granting summary disposition to defendants. The order upheld the constitutionality of Michigan regulatory statutes prohibiting the rebating of insurance commissions over plaintiff's substantive due process challenge. We affirm.

In November 1987, plaintiff filed a complaint for declaratory and injunctive relief alleging that the antirebate provisions of the Insurance Code, MCL 500.100 *et seq.*; MSA 24.1100 *et seq.,* violated the Due Process Clause of the Michigan Constitution, Const 1963, art 1, § 17. Plaintiff claimed that the antirebate provisions bore no real or substantial relationship to the health, safety, and welfare of Michigan citizens, and unnecessarily abridged his liberty and property rights by limiting his ability to pursue his livelihood.

Essentially, plaintiff proposes to rebate to his clients the commissions that he receives on life insurance policies that he sells to or brokers for his clients. He would be paid a fee for his services but no commission. The Commissioner of Insurance determined that plaintiff's plan would violate the antirebate provisions of the Insurance Code. Plaintiff's administrative appeal of this decision was consolidated with his complaint for declaratory and injunctive relief in the Ingham Circuit Court. Summary disposition was granted to defendants after the trial court determined that the antirebate provisions were rationally related to a legitimate legislative objective and hence constitutional. In its opinion and order, the trial court stated as follows:

> In this Court the Plaintiff bears the heavy burden. He must show that the legislature's present judgment is not supported by any set of facts either known or which could reasonably be assumed, even by facts which are "debatable". *Borden's Farm Products v Baldwin,* 293 US 194; 55 S Ct 187 [79 L Ed 281] (1934).
>
> In other words, the Plaintiff must show that the legislative judgment is utterly without rational foundation.
>
> The Plaintiff has failed to meet this burden.
>
> * * *
>
> The issue raised by plaintiff is exactly the type of issue best resolved by the legislature. In legislative committee, Plaintiff's proposition can be put to the test: advocates of the *status quo* can attempt to demonstrate why disaster would befall the entire industry if the prohibition were repealed. Plaintiff can attempt to demonstrate that nothing of the sort would occur, and that consumers would benefit. Each side can probe for the weaknesses in the other's policy arguments and factual predictions.

From this debate and discussion, it may well be that the legislature could modify the regulatory law to permit rebating while adjusting other provisions so as to protect financial stability. But this Court cannot write new law; it can only strike down provisions which are shown to have no function, a showing which Plaintiff has failed to make.

Plaintiff's challenge to the constitutionality of the antirebate provisions of the Insurance Code as violative of due process presents an issue of first impression. We conclude that several rational bases exist for the antirebate statutes, and that the antirebate provisions bear a reasonable relation to a permissible legislative objective.

In *Shavers v Attorney General,* 402 Mich 554, 611-618; 267 NW2d 72 (1978), the Supreme Court determined that constitutional challenges to socioeconomic legislation would be tested by "traditional" due process analysis. The *Shavers* Court stated:

The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. [*Id.* at 612.]

See also *Michigan Canners & Freezers Ass'n, Inc v Agricultural Bd,* 397 Mich 337, 343-344; 245 NW2d 1 (1976).

Statutes are clothed with the presumption of constitutionality. *Beacon Club v Kalamazoo Co Sheriff,* 332 Mich 412, 425; 52 NW2d 165 (1952). Where the legislative judgment is supported by any facts either known or that could reasonably be assumed, although such facts may be debatable, the legislative judgment must be accepted. *Carolene Products Co v Thomson,* 276 Mich 172, 178;

267 NW 608 (1936); *Shavers, supra* at 612-614. A challenge to the constitutionality of any legislation may be made on purely legal arguments that the legislation is facially arbitrary and irrational or on judicially noticed facts demonstrating that the legislation has no rational basis. *Shavers, supra* at 614-615.

As the trial court indicated, the prohibition against rebating commissions has been an integral part of the complex scheme of statutes and rules governing the sale of insurance for many years. The first Michigan statute prohibiting life insurance companies from rebating premiums was 1897 CL 7219, enacted in 1889. See *Citizens Life-Ins Co v Comm'r of Ins,* 128 Mich 85, 89; 87 NW 126 (1901).

In the present case, plaintiff challenges MCL 500.2024; MSA 24.12024, MCL 500.2066(1); MSA 24.12066(1), and MCL 500.2070(1); MSA 24.12070(1).

MCL 500.2024; MSA 24.12024 states in pertinent part as follows:

> The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:
> Except as otherwise expressly provided by law . . . paying or allowing, or giving or offering to pay, allow, or give, directly or indirectly, as inducement to such insurance, or annuity, any rebate of premiums payable on the contract, or any special favor or advantage in the dividends or other benefits thereon, or any valuable consideration or inducement whatever not specified in the contract . . . .

MCL 500.2066(1); MSA 24.12066(1) provides in pertinent part as follows:

> No insurer, by itself or any other party, and no

insurance agent or solicitor, personally or by any other party, transacting any kind of insurance business shall offer, promise, allow, give, set off or pay, directly or indirectly, any rebate of, or part of, the premium payable on the policy or on any policy, or agent's commission thereon, or earnings, profit, dividends or other benefit founded, arising, accruing or to accrue thereon, or therefrom, or any other valuable consideration or inducement to or for insurance, on any risk in this state now or hereafter to be written, which is not specified in the contract of insurance . . . .

MCL 500.2070(1); MSA 24.12070(1) provides as follows:

No insured person or party shall receive or accept, directly or indirectly, any rebate of premium or part thereof, or agent's, solicitor's or broker's commission thereon, payable on the policy, or on any policy of insurance, or any favor or advantage or share in the dividend or other benefit to accrue thereon, or any valuable consideration or inducement, not specified in the policy contract of insurance.

Applying, as we must, a traditional due process analysis, we find that one rational basis for the antirebate provisions is the prevention of unfair discrimination. Rebating of commissions could permit an agent or company to discriminate amongst applicants by offering varying rebates to different applicants or subgroups of applicants within a similarly situated class of risk. Discrimination between similarly situated individuals presenting the same risk profile is prohibited as an unfair method of competition and a deceptive trade practice. MCL 500.2019; MSA 24.12019; MCL 500.2020; MSA 24.12020. Even though plaintiff represents that he would rebate one hundred percent of his

commissions, no guarantee exists that other agents offering the same insurance to individuals of the same class and risk to whom plaintiff offers insurance would do the same. Rebating could lead to discrimination between consumers irrespective of the similar risks that members of the same class present. Antirebate provisions effectively achieve a proper legislative objective of eliminating price discrimination based on considerations other than risk and expenses. This is one rational basis for the antirebate provisions.

Another rational basis for antirebate provisions is the promotion of insurer solvency. This is a legitimate public purpose. *Attorney General v Michigan Surety Co,* 364 Mich 299; 110 NW2d 677 (1961). Antirebate provisions prevent insureds from annually cancelling life insurance policies to receive rebates of the insurance agents' first-year commissions. If insureds cancel policies to obtain rebates of agents' commissions, the insurance companies may not realize a profit on those policies. Profit is necessary to fund adequate reserves to cover the assumed risks and satisfy claims. The solvency of insurance companies could be compromised over time by the rebating of commissions. The solvency of insurance companies is a legitimate legislative purpose, and antirebate provisions are reasonably related to achieving that objective.

Antirebate provisions also promote public convenience in the comparison of insurance costs. This is a legitimate public purpose. See *Allen v Michigan Property & Casualty Guaranty Ass'n,* 129 Mich App 271, 274; 341 NW2d 500 (1983).

In summary, antirebate provisions are reasonably related to achieving the proper legislative purposes of nondiscrimination, solvency of insurance companies, and public convenience. These

provisions, being rationally related to a legitimate legislative objective, are, therefore, constitutional.

Plaintiff's second argument, that the antirebate provisions, even if facially valid, are unconstitutional as applied to him, must fail. The antirebate provisions are not unconstitutional as applied to plaintiff. Plaintiff fails to identify any distinctive legal basis on which a valid regulation can be considered constitutionally invalid as applied to him. He argues that low cost, high diversity, and freedom of choice for life insurance consumers justifies his plan. Even if the present statutory scheme precluded these features, their absence would not constitute a denial of equal protection or a sufficient substantive due process challenge to a socioeconomic regulation. The antirebate provisions are not unconstitutional as applied to plaintiff. The assertion that plaintiff's economic freedom is curtailed is not supportive of the claim of unconstitutionality without differentiating the detrimental effect on plaintiff vis a vis other insurance agents or brokers.

Affirmed.