NEAL v OAKWOOD HOSPITAL CORPORATION

Docket No. 196964. Submitted June 10, 1997, at Detroit. Decided December 12, 1997, at 9:10 A.M.

William Neal, as next friend of Matthew Neal, a minor, brought a medical malpractice action in the Wayne Circuit Court against Oakwood Hospital Corporation and others without providing the defendants the 182-day written notice of an intent to file suit required by MCL 600.2912b(1); MSA 27A.2912(2)(1). Ruling that it lacked subject-matter jurisdiction, the court, Marianne O. Battanni, J., dismissed the action without prejudice and denied the plaintiff's motion for a stay of the proceedings until the defendants had 182 days' notice of the action. The plaintiff appealed.

The Court of Appeals *held*:

1. The circuit court has subject-matter jurisdiction over the plaintiff's action. The complaint alleged a matter that is within the class of cases over which the circuit court has power to act, and the plaintiff's failure to comply with the statutory notice requirement did not divest the circuit court of subject-matter jurisdiction. Nevertheless, dismissal without prejudice was the appropriate sanction for the plaintiff's noncompliance with § 2912b(1). The purpose of the statutory notice requirement is to encourage settlement without the need for formal litigation, and not to prevent any prejudice to a defendant resulting from the lack of the required notice. Accordingly, the plaintiff's contention that a stay of proceedings would have been more effective than a dismissal, given that the defendants would not have been prejudiced by the initial lack of notice, is not persuasive. Also, § 2912b(1) clearly provides that a person shall not commence a medical malpractice action unless the person has given the required notice.

2. Section 2912(1) does not violate the equal protection guarantees of US Const, Am XIV, § 1 and Const 1963, art 1, § 2 in imposing a notice requirement on medical malpractice plaintiffs when no such requirement applies to other tort plaintiffs. The statute satisfies the rational basis test inasmuch as it furthers a legitimate governmental interest in promoting settlement of medical malpractice litigation while still allowing compensation for meritorious claims,

and the classification created by the statute is rationally related to achieving that interest.

3. Section 2912b(1) does not violate due process. The statute bears a reasonable relation to a permissible legislative objective. The statute, in providing a brief temporal restriction before a suit may be commenced, does not abrogate or vitiate any vested property rights a plaintiff has in the cause of action or effectively divest a plaintiff of access to the courts.

4. Section 2912b(1), in allowing a defendant's actions or inactions to determine the time at which the complaint may be filed, does not effectuate an unconstitutional delegation of legislative power to a private party. The statute merely provides for a presuit notice period before the commencement of a medical malpractice action.

5. By failing to cite any supporting authority, the plaintiff abandoned the claim that § 2912b(9) is unconstitutionally vague.

6. Assuming, without deciding, that § 2912b(1) constitutes a rule of procedure, it does not conflict with MCR 2.101(B), which provides that a civil action is commenced by filing a complaint. Thus, § 2912b(1), if construed as a procedural rule, is effective until superseded by a court rule adopted by the Supreme Court.

Affirmed.

1. COURTS — SUBJECT-MATTER JURISDICTION.

A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint; if it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, subject-matter jurisdiction exists.

2. NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO COMMENCE ACTIONS.

A dismissal without prejudice is the sanction for a medical malpractice plaintiff's noncompliance with the statutory requirement of providing the defendant 182 days' written notice before commencing the action (MCL 600.2912b[1]; MSA 27A.2912[2][1]).

3. NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO COMMENCE ACTIONS — CONSTITUTIONAL LAW — EQUAL PROTECTION.

The statute that requires a medical malpractice plaintiff, but not any other tort plaintiff, to provide the defendant with prior, written notice of intent to commence an action does not violate federal and state constitutional guarantees of equal protection (MCL 600.2912b[1]; MSA 27A.2912[2][1]; US Const, Am XIV; Const 1963, art 1, § 2).

4. NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO COMMENCE
   ACTIONS — CONSTITUTIONAL LAW — DUE PROCESS.

   The statute that requires a medical malpractice plaintiff to provide the
   defendant with prior, written notice of intent to commence an
   action does not violate due process; in providing a brief temporal
   restriction before a suit may be commenced, the statute does not
   abrogate or vitiate any vested property rights the plaintiff has in
   the cause of action or effectively divest the plaintiff of access to
   the courts (MCL 600.2912b[1]; MSA 27A.2912[2][1]).

5. NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO COMMENCE
   ACTIONS — CONSTITUTIONAL LAW — DELEGATION OF LEGISLATIVE
   AUTHORITY.

   The statute that requires a medical malpractice plaintiff to provide the
   defendant with prior, written notice of intent to commence an
   action does not effectuate an unconstitutional delegation of legisla-
   tive power to a private party in allowing the time at which the com-
   plaint may be filed to depend upon the defendant's actions or inac-
   tions (MCL 600.2912b[1]; MSA 27A.2912[2][1]).

6. NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT TO COMMENCE
   ACTIONS — COURT RULES.

   The statute that requires a medical malpractice plaintiff to provide the
   defendant with prior, written notice of intent to commence an
   action, if construed as a procedural rule, does not conflict with the
   court rule governing how a civil action is commenced; the statute
   is effective until superseded by a court rule adopted by the
   Supreme Court (MCL 600.2912b[1]; MSA 27A.2912[2][1]; MCR
   2.101[B]).

*Zeff and Zeff, P.C.* (by *Paul W. Broschay* and *Sheryl
L. Berenbaum*), for William Neal.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Linda
M. Garbarino*), for Oakwood Hospital Corporation.

*Kerr, Russell, and Weber, P.L.C.* (by *Stephen D.
McGraw* and *Joanne Geha Swanson*), for Susan Adel-
man, M.D., and Susan Adelman, P.C.

Before: WHITE, P.J., and BANDSTRA and SMOLENSKI, JJ.

SMOLENSKI, J. In this medical malpractice case,
plaintiff William Neal, as next friend of his son, Mat-

thew Neal, a minor, appeals as of right an order (1) granting summary disposition without prejudice in favor of defendant Oakwood Hospital Corporation, (2) granting a dismissal without prejudice to defendants Susan Adelman, M.D., and Susan Adelman, P.C. (defendant Adelman), (3) granting a dismissal without prejudice to defendant Oakwood United Hospital, Inc., and (4) denying plaintiff's motion for a stay of proceedings. We affirm.

With its enactment of 1993 PA 78, effective April 1, 1994, the Legislature made a number of changes to the Revised Judicature Act, including the addition of a requirement that in medical malpractice cases a potential plaintiff must give a potential defendant 182 days' notice before commencing suit. Specifically, § 2912b(1) provides as follows:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [MCL 600.2912b(1); MSA 27A.2912(2)(1).][1]

---

[1] Section 2912b further provides that in certain circumstances the time for filing a medical malpractice action may be shortened. For instance, the 182-day notice period is shortened to either 154 days or ninety-one days if certain conditions not here relevant are satisfied. MCL 600.2912b(3) and (8); MSA 27A.2912(2)(3) and (8). And, if at any time during the applicable notice period the potential defendant informs the plaintiff in writing that the defendant does not intend to settle the claim within the applicable notice period, the plaintiff may then commence the medical malpractice action. MCL 600.2912b(9); MSA 27A.2912(2)(9).

We note that no issue has ever been raised during these proceedings that any of the shorter notice periods specified in § 2912b were applicable to or relevant in this case.

The notice must specify the factual and legal basis for the plaintiff's claim. MCL 600.2912b(4); MSA 27A.2912(2)(4). After notice is given, the parties must allow each other access to those medical records related to the claim that are in their control. MCL 600.2912b(5); MSA 27A.2912(2)(5). The purpose of the notice requirement is to promote settlement without the need for formal litigation and reduce the cost of medical malpractice litigation while still providing compensation for meritorious medical malpractice claims that might otherwise be precluded from recovery because of litigation costs. Senate Legislative Analysis, SB 270, August 11, 1993; House Legislative Analysis, HB 4403-4406, March 22, 1993.

In this case, plaintiff's son was allegedly injured in spring 1991 by defendants' malpractice. On March 26, 1996, plaintiff filed a medical malpractice action on his son's behalf against defendants. In a letter dated March 27, 1996, plaintiff sent defendants written notice of intent to commence a medical malpractice action.

Defendant Adelman moved to dismiss plaintiff's complaint on the ground that the trial court did not have subject-matter jurisdiction because plaintiff had failed to wait 182 days after giving notice before commencing suit as required by § 2912b(1).

Plaintiff moved for a stay of proceedings until the expiration of the 182-day notice period under § 2912b(1). Plaintiff explained that he had not complied with § 2912b(1) before commencing suit on March 26, 1996, because he wanted to avoid "significant compromise and impairment of his vested rights" due to changes in the law wrought by the enactment of certain tort reform legislation that became effec-

tive upon and applied to causes of action filed on or after March 28, 1996. See, generally, 1995 PA 161 and 1995 PA 249.

Defendant Oakwood Hospital Corporation likewise moved for summary disposition and dismissal on the same ground asserted by defendant Adelman.

The trial court granted defendants' motions and denied plaintiff's motion for a stay of proceedings.[2] The trial court found that § 2912b(1) was both "a condition precedent to filing" a medical malpractice action and a substantive, not procedural, rule. The trial court further found that § 2912b(1) was constitutional, reasoning that the 182-day notice requirement was rationally related to the Legislature's goal of trying to cut the costs of medical care and medical malpractice insurance. The court determined that because § 2912b(1) was constitutional, it did "not have jurisdiction to properly stay anything."

On appeal, plaintiff raises no issue with respect to the 1995 legislation. Rather, plaintiff raises a number of constitutional and nonconstitutional challenges to § 2912b(1). We will address plaintiff's nonconstitutional challenge first.[3] Specifically, plaintiff argues that the trial court should have stayed, not dismissed, plaintiff's suit. This argument implies that the trial court had the discretion to do so. However, as we read the motion transcript, it appears that the circuit court believed that it could not stay the proceedings

---

[2] Although defendant Oakwood United Hospital, Inc., had not yet appeared in the action, the trial court included this defendant in its order of dismissal.

[3] Before addressing the constitutionality of a statute, we generally must examine alternative nonconstitutional grounds that might obviate the necessity of deciding the constitutional questions. *Golden v Baghdoian*, 222 Mich App 220, 222, n 2; 564 NW2d 505 (1997).

because it did not have subject-matter jurisdiction to do so. Plaintiff does not address this issue. However, whether a court has subject-matter jurisdiction is a question of law that may be raised at any time. *Phinney v Perlmutter*, 222 Mich App 513, 521; 564 NW2d 532 (1997).

As explained in *Bowie v Arder*, 441 Mich 23; 490 NW2d 568 (1992), subject-matter jurisdiction

> "is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." [*Id.* at 39, quoting *Joy v Two-Bit Corp*, 287 Mich 244, 253-254; 283 NW 45 (1938). ]

As further explained in *Bowie*:

> "The loose practice has grown up, even in some opinions, of saying that a court had no 'jurisdiction' to take certain legal action when what is actually meant is that the court had no legal 'right' to take the action, that it was in error. If the loose meaning were correct it would reduce the doctrine of res judicata to a shambles and provoke endless litigation, since any decree or judgment of an erring tribunal would be a mere nullity." [*Id.* at 40, quoting *Buczkowski v Buczkowski*, 351 Mich 216, 222; 88 NW2d 416 (1958). ]

A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. *Grubb Creek Action Committee v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996). If it is apparent from the allegations that the matter alleged is within the class of cases with

regard to which the court has the power to act, then subject-matter jurisdiction exists. *Id.*

In this case, it is apparent from the allegations in plaintiff's medical malpractice complaint that the matter alleged, i.e., negligence, is within the class of cases with regard to which the circuit court has the power to act. Const 1963, art 6, § 13; MCL 600.601; MSA 27A.601, MCL 600.605; MSA 27A.605; see also *Bowie, supra.* Plaintiff's failure in this particular case to comply with the notice requirement before commencing suit did not divest the circuit court of subject-matter jurisdiction. Accord *Lisee v Secretary of State,* 388 Mich 32, 41-42; 199 NW2d 188 (1972) (one-year notice of intent to claim against the motor vehicle accident claims fund, MCL 257.1118; MSA 9.2818, is not jurisdictional); see also *Hosp Corp of America v Lindberg,* 571 So 2d 446, 448 (Fla, 1990) (the plaintiff's failure in a medical malpractice action to give statutorily required prefiling notice[4] to potential defendants did not divest the trial court of subject-matter jurisdiction); *Morrison v Bestler,* 239 Va 166, 173; 387 SE2d 753 (1990) (the plaintiff's failure to comply with statute providing that no medical malpractice action ' "shall be brought within ninety days' after notice" of the malpractice claim[5] did not divest the court of subject-matter jurisdiction); *Dougherty v Oliviero,* 427 A2d 487, 489 (Me, 1981) (the statutory

---

[4] The notice requirement considered by the court was codified at Fla Stat 768.57. This statute has since been recodified at Fla Stat 766.106. See *Kukral v Mekras,* 679 So 2d 278, 280 (Fla, 1996).

[5] The notice requirement considered by the court was codified at Va Code Ann 8.01-581.2. This statute has since been amended, effective July 1, 1993, to delete the requirement that a notice of claim be filed before filing a malpractice action. See *Harris v DiMattina,* 250 Va 306, 309; 462 SE2d 338 (1995).

requirement of presuit notice[6] in medical malpractice cases has no relationship to the court's jurisdiction).

Having determined that plaintiff's failure to comply with § 2912b(1) did not divest the circuit court of subject-matter jurisdiction, we next consider the issue whether a dismissal without prejudice was the appropriate sanction for plaintiff's noncompliance with § 2912b(1). In contending that a stay of proceedings was appropriate, plaintiff relies on *Dempsey v Langton*, 266 Mich 47, 51; 253 NW 210 (1934), in which our Supreme Court held in circumstances dissimilar to this case "that an action prematurely brought must be abated even though the right of action has matured before trial." However, in response we simply note that in *Jenkins v Stewart*, 271 Mich 522; 261 NW 80 (1935), our Supreme Court held, again in circumstances dissimilar to this case, that the trial court should have granted the defendant's motion to dismiss a prematurely filed complaint. Thus, we are not persuaded by plaintiff's reliance on *Dempsey*.

More on point is plaintiff's reliance on *Angrand v Fox*, 552 So 2d 1113 (Fla App, 1989). In that case, the plaintiff served on the defendant doctors a notice of intent to initiate medical malpractice litigation. *Id.* at 1114. Less than ninety days later, the plaintiff filed a medical malpractice suit against these defendants. *Id.* The trial court dismissed the action on the ground that it had been commenced in violation of a Florida statute requiring that no medical malpractice suit "may be filed for a period of 90 days after notice is

---

[6] The notice requirement considered by the court was codified at 24 Me Rev Stat Ann 2903. This statute has since been substantially amended. See current 24 Me Rev Stat Ann 2903.

mailed to the prospective defendant . . . ." *Id.*[7] Noting that no claim had been made that the limitation period had run and that, therefore, the only alleged defect was that the complaint had been brought too soon, the Florida appellate court held that the appropriate remedy for the premature filing was not outright dismissal, but rather was an abatement or stay of the claim for the remainder of the ninety-day notice period. *Id.* at 1115-1116. However, we believe that the holding in *Angrand* was implicitly modified by *Hosp Corp, supra* at 449, in which the Florida Supreme Court considered the application of the same Florida notice statute[8] to a similar fact situation and held that "in medical malpractice actions, if a presuit notice is served at the same time as a complaint is filed, the complaint is subject to dismissal with leave to amend."

In *Schepps v Presbyterian Hosp of Dallas*, 652 SW2d 934 (Tex, 1983), the plaintiff filed suit within the applicable statute of limitations, but failed to comply with a statute requiring that a potential plaintiff "shall give written notice" of a medical malpractice claim "at least 60 days before the filing of a suit." *Id.* at 935.[9] The Texas Supreme Court held that the statutory language was mandatory, but that abatement of the action for the notice period was the appropriate remedy for the plaintiff's noncompliance with the notice statute. *Id.* at 938. The court reasoned that the remedy of abatement would accomplish the legislature's goal of encouraging presuit negotiations

---

[7] See n 4, *supra.*

[8] See n 4, *supra.*

[9] The notice requirement considered by the court was codified at Tex Rev Civ Stat Ann, art 4590i, § 4.01.

so as to avoid the excessive cost of litigation yet protect the plaintiff's right to maintain the lawsuit. *Id.*

Maine courts have developed a rule that there are a variety of sanctions with which a trial court may enforce the equitable substance of a presuit notice requirement in medical malpractice cases and that the appropriate sanction for a plaintiff's failure to comply with such notice depends upon the circumstances of the case. See, e.g., *Michaud v Northern Maine Medical Center*, 436 A2d 398, 402 (Me, 1981); see also *Brown v Timothy*, 672 F Supp 538, 541 (D Me, 1987). For instance, in *Dougherty,* the plaintiff served the defendant with notice of a medical malpractice claim the day after the plaintiff served the defendant with the complaint, thus violating the statutory presuit notice requirement that no medical malpractice action "shall be commenced until at least 90 days after written notice" of the claim is served on a defendant. 427 A2d 488, n 1.[10] There was no other indication that the notice was defective, and both the notice and the complaint had been served within the applicable limitation period. *Id.* at 488, 490. However, the trial court dismissed the complaint. *Id.* at 488. The Maine Supreme Court held that the proper sanction for the plaintiff's noncompliance with the notice requirement under these circumstances was not dismissal, but rather was a stay of proceedings until the defendant had the benefit of the ninety-day waiting period. *Id.* at 490. The court reasoned that the notice statute did not expressly require dismissal and that a

---

[10] See n 6, *supra.*

stay would serve the statutory purpose of encouraging settlement. *Id.*[11]

However, in *Foil v Ballinger*, 601 P2d 144 (Utah, 1979), the Utah Supreme Court considered a statute providing that in medical malpractice cases "written notice be sent to a health care provider at least 90 days before one undertakes to 'commence an action.' " *Id.* at 146.[12] The court stated that this statute

> merely prescribes a condition precedent to the filing of a summons or a complaint. A failure to comply with such conditions does not constitute an adjudication on the merits but is merely a procedural defect that does not relate to the merits of the basic action in any way. There are numerous instances in which the law requires fulfillment of a condition precedent before the filing of a complaint, *and failure to comply with the condition may result in a dismissal, but not on the merits.* . . . The condition in this case [presuit notice] falls within the scope of this rule. [*Id.* at 150 (citations omitted; emphasis added).]

However, despite any persuasiveness in these out-of-state cases, we are mindful that we must first consider our own decisions in this area of the law. In *Morrison v Dickinson*, 217 Mich App 308, 310; 551 NW2d 449 (1996), this Court was confronted with the following statutory scheme:

> In summary, the limitation period for medical malpractice actions is two years. MCL 600.5805(4); MSA 27A.5805(4). For causes of action *filed* on or after October 1, 1993, a

---

[11] However, in *Givertz v Maine Medical Center*, 459 A2d 548, 554 (Me, 1983), the Maine Supreme Court affirmed the dismissal of a medical malpractice claim where, although suit was commenced within the applicable limitation period, no presuit notice was ever served on the defendant during that time.

[12] The notice requirement considered by the court was codified at Utah Code Ann 78-14-8.

> plaintiff must provide 182 days' written notice before commencing suit. 1993 PA 78, § 4(4), MCL 600.2912b; MSA 27A.2912(2). If a cause of action would be barred because of the 182-day notice provision, the limitation period may be tolled for 182 days after notice is given. MCL 600.5856(d); MSA 27A.5856(d). However, this tolling provision does not apply to causes of action *arising* before October 1, 1993. See 1993 PA 78, § 4(1). [*Id.* at 313 (emphasis in original).]

In *Morrison*, the plaintiff wife was allegedly injured by the defendants' medical malpractice on May 21, 1992. *Id.* at 310. On April 28, 1994, the plaintiffs gave the defendants the notice required by § 2912b. *Id.* At that time, the plaintiffs were thus faced with a dilemma under the above statutory scheme. In other words, the plaintiffs could comply with § 2912b and wait 182 days before commencing suit. However, if the plaintiffs did so, their cause of action would be barred by the statute of limitations because the tolling provision did not apply to causes of action arising before October 1, 1993.

The plaintiffs in *Morrison* resolved this dilemma by commencing suit on May 19, 1994, two days before the statute of limitations expired but less than 182 days after giving notice. *Id.* The defendants moved for summary disposition, contending that the plaintiffs' failure to comply with § 2912b required dismissal of their complaint. *Id.* at 310-311. The trial court denied the defendants' motions, concluding that neither the tolling provision nor the notice provision should be applied to the plaintiffs' cause of action. *Id.* The defendants appealed.

This Court reversed and remanded. This Court held that the plaintiffs' failure to comply with § 2912b required dismissal of their complaint:

Turning, then, to the present case, 1993 PA 78 plainly states that "a person *shall not* commence an action alleging medical malpractice . . . unless the person has given . . . written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b;  MSA 27A.2912(2)  (emphasis supplied). The Legislature hereby established certain procedural rules pertaining to the filing of malpractice actions, an act well within its power. The public act simply mandates notice before a complaint is filed. The Morrisons failed to comply with this statutory mandate [§ 2912b] because they failed to provide defendants with 182 days' notice before filing their complaint. Therefore, the circuit court erred as a matter of law when it did not dismiss the Morrisons' complaint. [*Id.* at 317 (citations omitted).]

This Court further held that that portion of 1993 PA 78 that provided that the tolling provision does not apply to causes of action arising before October 1, 1993, 1993 PA 78, § 4(1),  could not be enforced in the plaintiffs' case because such enforcement

would result in the abrogation of a vested cause of action under the guise of a procedural amendment of the pertinent statute of limitations. As made clear by our Supreme Court . . . such retrospective application is offensive to the constitutional guarantee that no person shall be deprived of property without due process of law. [*Id.* at 318].

This Court directed the circuit court to enter an order granting summary disposition without prejudice in favor of the defendants. *Id.* at 319. This Court stated that the plaintiffs "are free to refile their cause of action immediately, the 182-day notice period long having expired." *Id.*

This Court must follow the rule of law established by a prior published decision of this Court. MCR 7.215(H).  Thus, in light of *Morrison*, we conclude

that we are required to hold that dismissal without prejudice was the appropriate remedy for plaintiff's noncompliance with § 2912b(1) in this case. Moreover, even if not bound by *Morrison,* we would nevertheless conclude that dismissal without prejudice was the appropriate sanction for plaintiff's noncompliance with § 2912b. We reject plaintiff's contention that a stay of proceedings "is more effective than dismissal since the Defendants will not be prejudiced since they will get the time they require and the plaintiff will not have a valid claim defeated by an overly harsh remedy." First, the purpose of the notice requirement contained in § 2912b(1) is not to prevent prejudice to a potential defendant, but rather is to encourage settlement without the need for formal litigation. Cf. *Brown v Manistee Co Rd Comm,* 452 Mich 354, 366; 550 NW2d 215 (1996).  Second, were we to hold that a plaintiff's noncompliance with § 2912b(1) requires dismissal only if the noncompliance prejudices the defendant, we would be supplying a judicial gloss contrary to the clear statutory language mandating that "a person *shall not commence* an action alleging medical malpractice . . . unless the person has given . . . written notice . . . not less than 182 days before the action is commenced." Cf. *Brown v JoJo-Ab, Inc,* 191 Mich App 208, 212; 477 NW2d 121 (1991).  Third, plaintiff has not specified how the 1995 legislation will affect his cause of action and we have been directed to no provision in that legislation that, like *Morrison,* would bar plaintiff from refiling his complaint after the 182-day notice period has passed. In any event, if, as contended by plaintiff, the 1995 legislation does impair "vested rights," plaintiff can certainly challenge this law when it is applied to his

cause of action. *Morrison, supra.* Finally, allowing plaintiff to disregard § 2912b(1) and prematurely commence his action simply in order to avoid the 1995 legislation and obtain the alleged benefit of supposedly more favorable law to the formal litigation of his case would directly undercut the statutory purpose of encouraging settlement before formal litigation is commenced. Although there may be cases yet undecided that may warrant a sanction other than dismissal when a plaintiff fails to comply with § 2912b(1), we conclude that the case before us is not such a case. We hold, albeit on slightly different grounds than the trial court below, that the court did not err in dismissing plaintiff's complaint without prejudice as a result of plaintiff's noncompliance with § 2912b(1).

We now turn to plaintiff's constitutional challenges to § 2912b(1). Plaintiff argues that 2912b(1) violates the constitutional guarantee of equal protection of the law because it treats medical malpractice plaintiffs differently than other tort plaintiffs.

Both the federal and state constitutions provide that no person will be denied the equal protection of the law. US Const, Am XIV, § 1; Const 1963, art 1, § 2; *People v McFall*, 224 Mich App 403, 413; 569 NW2d 828 (1997); *St Louis v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 215 Mich App 69, 72-73; 544 NW2d 705 (1996). These constitutional provisions are coextensive. *McFall, supra.* The constitutional guarantee of equal protection mandates that persons in similar circumstances be treated similarly. *People v Pitts*, 222 Mich App 260; 564 NW2d 93 (1997); *Gilson v Dep't of Treasury*, 215 Mich App 43, 49-50; 544 NW2d 673 (1996). When a statute is

challenged as being violative of equal protection, a court should consider the provisions of the whole law, as well as its object and policy. *Frame v Nehls*, 452 Mich 171, 183; 550 NW2d 739 (1996). The validity of the classification is measured by one of three tests. *Pitts, supra*. The determination of the appropriate test depends upon the type of classification and the nature of the interest affected. *Pitts, supra* at 273; *St Louis, supra* at 73. When the legislation creates an inherently suspect classification, such as race, alienage, ethnicity, or national origin, or affects a fundamental interest, the strict scrutiny test applies. *Pitts, supra*; *Gilson, supra* at 50. Other classifications, which are suspect but not inherently suspect, such as gender or mental capacity, are subject to the substantial relationship test. *Pitts, supra*. Social or economic legislation is reviewed under the rational basis test. *Pitts, supra.*

In this case, plaintiff suggests that the appropriate test is the strict scrutiny test because § 2912b(1) affects a plaintiff's fundamental right of access to the courts. However, in *Rodriguez v Grand Trunk W R Co*, 120 Mich App 599; 328 NW2d 89 (1982), this Court rejected a similar argument in the context of an equal protection challenge to a venue statute:

> Although access to the court system is a fundamental constitutional right, the venue statute does not impermissibly burden the exercise of this right. The statute does not bar plaintiff from the court system but merely restricts the choice of forum. We believe that the distinction reflected in the venue statute between transportation and nontransportation companies rests upon a rational basis: to wit, the Legislature's apparent desire to discourage forum-shopping. [*Id.* at 605.]

Likewise in this case, § 2912b(1) does not bar medical malpractice plaintiffs from access to the court system, but merely provides a brief temporal restriction before suit may be commenced. We reject plaintiff's contention that the strict scrutiny test is the appropriate test in this case.

Plaintiff also suggests that the appropriate test is the substantial relationship test. See, e.g., *Carson v Maurer*, 120 NH 925; 424 A2d 825 (1980).[13] The substantial relationship test should be applied when "the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental." *Manistee Bank & Trust Co v McGowan*, 394 Mich 655, 672; 232 NW2d 636 (1975); see also *Deepdale Memorial Gardens v Administrative Secretary of Cemetery Regulations*, 169 Mich App 705, 712; 426 NW2d 785 (1988). However, this Court has recognized that the trend has been away from the substantial relationship test for cases that do not involve fundamental rights or suspect classifications. *Deepdale, supra.* Moreover, in this case, even if § 2912b(1) "carves out a discrete exception to a general rule" in common-law negligence cases, this statute is also clearly experimental social or economic legislation that is, therefore, entitled to deference. *O'Brien v Hazelet & Erdal*, 410 Mich 1, 19-20; 299 NW2d 336 (1980); *Shavers v Attorney General*, 402 Mich 554, 613, n 37; 267 NW2d 72 (1978). Accordingly, we will review § 2912b(1) under the rational basis test. Accord *Houk v Furman*, 613 F Supp 1022,

---

[13] In *Carson, supra* at 932-935, 937, the New Hampshire Supreme Court utilized the substantial relationship test in holding that New Hampshire's prefiling notice statute in medical malpractice actions, NH Rev Stat Ann 507-C:5, violated equal protection.

1028-1030 (D Me, 1985) (rational relationship applied in determining whether Maine's prefiling notice statute[14] in medical malpractice litigation violated equal protection).

Under the rational basis test, legislation is presumed to be constitutional and the party challenging the statute has the burden of proving that the legislation is arbitrary and thus irrational. *Pitts, supra* at 274; *St Louis, supra.* A statute does not violate equal protection under the rational basis test if it furthers a legitimate governmental interest and the challenged classification is rationally related to achieving that interest. *Michigan State AFL-CIO v MERC,* 453 Mich 362, 381; 551 NW2d 165 (1996). A rational basis exists when the legislation is supported by any state of facts either known or that could reasonably be assumed. *Pitts, supra* at 273; *St Louis, supra.*

Section 2912b(1) is part of 1993 PA 78. This public act was enacted for the general purpose of addressing the problems of, and widespread dissatisfaction with, Michigan's medical liability system, specifically, the availability and affordability of medical care in the face of spiraling costs. Senate Bill Analysis, SB 270, August 11, 1993; House Legislative Analysis, HB 4403-4406, March 22, 1993. As indicated previously, § 2912b(1) was enacted for the purpose of promoting settlement without the need for formal litigation and reducing the cost of medical malpractice litigation while still providing compensation for meritorious medical malpractice claims that might otherwise be precluded from recovery because of litigation costs. "The state unquestionably has a legitimate interest in

[14] See n 6, *supra.*

securing adequate and affordable health care for its residents." *Bissell v Kommareddi*, 202 Mich App 578, 580-581; 509 NW2d 542 (1993). The means sought by the Legislature, i.e., a relatively short notice period before the commencement of suit during which time informal discovery can occur, is rationally related to the Legislature's objective because it is reasonable to assume that claims informally resolved or settled without resort to formal litigation will help reduce the cost of formal medical malpractice litigation. We note that plaintiff primarily challenges the wisdom of the notice requirement. However, a classification that has a rational basis is not invalid because it results in some inequity, and the wisdom, need, or appropriateness of the legislation is irrelevant. *Pitts, supra; Gilson, supra.* We conclude that plaintiff has failed to show that the classification of medical malpractice plaintiffs does not bear a rational relationship to the object of the legislation. *Id.* Accord *Houk, supra* at 1030-1033; see also *Pearlstein v Malunney*, 500 So 2d 585, 587 (Fla App, 1986).

Next, plaintiff raises several grounds for his argument that § 2912b violates due process. Specifically, plaintiff contends that § 2912b is unreasonable, arbitrary, and capricious. Plaintiff also contends that § 2912b vitiates a vested property right in his cause of action and bars his access to the courts.

To determine whether a statute violates due process, the pertinent issue is whether the statute bears a reasonable relation to a permissible legislative objective. *Mahaffey v Attorney General*, 222 Mich App 325, 344; 564 NW2d 104 (1997); *Katt v Ins Bureau*, 200 Mich App 648, 651; 505 NW2d 37 (1993). For the reasons stated above in our equal protection

analysis, we hold that § 2912b bears a reasonable relation to a permissible legislative objective. *Houk, supra* at 1033-1034. Moreover, § 2912b does not abrogate or vitiate any vested property rights plaintiff has in his cause of action or effectively divest plaintiff of access to the courts. Rather, as indicated previously, § 2912b simply provides a brief temporal restriction before suit may be commenced. Cf. *Morrison, supra* at 318; *Bissell, supra* at 581.

Next, plaintiff contends that § 2912b is an unconstitutional delegation of legislative authority to a private party, i.e., the potential defendants, because it allows them to determine when a potential plaintiff will have his day in court, i.e., after the expiration of 182 days or any of the lesser time periods specified in § 2912b. See, generally, MCL 600.2912b; MSA 27A.2912(2).[15] It is true that the Legislature may not delegate its lawmaking powers to private individuals or entities. *Osius v St Clair Shores*, 344 Mich 693, 698; 75 NW2d 25 (1956); *Coffman v State Bd of Examiners in Optometry*, 331 Mich 582, 587-588; 50 NW2d 322 (1951). However, the Legislature has not done so in this case. Rather, the Legislature has simply provided for a presuit notice period before the commencement of a medical malpractice action. Although the time at which the complaint may be filed will depend upon the potential defendant's actions or inactions, this does not constitute a delegation of legislative power.[16]

---

[15] See also n 1, *supra*.

[16] In light of our conclusion that § 2912b does not constitute a delegation of legislative power, we decline to address plaintiff's further contention that the Legislature failed to provide adequate standards, *Blank v Dep't of Corrections*, 222 Mich App 385, 402-403; 564 NW2d 130 (1997), for the exercise of such power.

Next, plaintiff argues that § 2912b(9) is unconstitutionally vague. However, we deem this issue abandoned and decline to review it because plaintiff has failed to provide any authority in support of this argument. *Weiss v Hodge (After Remand)*, 223 Mich App 620, 637; 567 NW2d 468 (1997).

Next, plaintiff argues that § 2912b(1), which provides that a plaintiff "shall not commence" a medical malpractice action unless the plaintiff has given written notice "not less than 182 days before the action is commenced," is a rule of procedure that directly conflicts with MCR 2.101(B), which provides that "[a] civil action is commenced by filing a complaint with a court." For the purpose of our analysis we will assume without deciding that § 2912b(1) constitutes a rule of procedure.

The Supreme Court's rule-making power in matters of practice and procedure is superior to that of the Legislature. Const 1963, art 6, § 5; *McDougall v Eliuk*, 218 Mich App 501, 503; 554 NW2d 56 (1996). "Rules of practice set forth in any statute, if not in conflict with any of these rules [the court rules], are effective until superseded by rules adopted by the Supreme Court." MCR 1.104; see also *McDougall, supra*. In determining whether there is a real conflict between a statute and a court rule, both should be read according to their plain meaning. *McDougall, supra* at 505. The common-sense meaning of the words should be given the effect most likely understood by those who adopted them. *Id*. Moreover, as explained in *Council Of Organizations & Others For Education About Parochiaid v Governor*, 455 Mich 557; 566 NW2d 208 (1997):

> The power to declare a law unconstitutional should be exercised with extreme caution and never where serious doubt exists with regard to the conflict. . . . "Every reasonable presumption or intendment must be indulged in favor of the validity of the act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity." [*Id.* at 570, quoting *Cady v Detroit,* 289 Mich 499, 505; 286 NW 805 (1939) (citations omitted).]

In this case, we conclude that § 2912b(1) does not change the manner in which or how a civil action is commenced in medical malpractice cases. Rather, § 2912b(1) imposes a temporal requirement with which a plaintiff must comply before the plaintiff can commence a civil action in accordance with MCR 2.101(B). Accordingly, we find no conflict between § 2912b(1) and MCR 2.101(B). Thus, if procedural, § 2912b(1) is effective until superseded by rules adopted by our Supreme Court. MCR 1.104.

In summary, we reject plaintiff's constitutional challenges to § 2912b(1). We hold, albeit on different grounds, that the trial court did not err in dismissing plaintiff's complaint without prejudice. Accordingly, we affirm. Plaintiff is free to refile his cause of action immediately, the 182-day notice period having long expired. *Morrison, supra* at 319.

Affirmed.