MORRISON v DICKINSON

Docket Nos. 179207, 179635. Submitted June 4, 1996, at Grand Rapids. Decided June 21, 1996, at 9:10 A.M.

Julie and Robert Morrison brought an action in the Allegan Circuit Court on May 19, 1994, against Timothy K. Dickinson, M.D.; Allegan Medical Clinic, P.C.; and Allegan General Hospital, alleging medical malpractice related to Julie Morrison's May 21, 1992, labor and childbirth. The defendants filed motions for summary disposition, arguing that the plaintiffs, in giving the defendants written notice on April 28, 1994, of intent to file a medical malpractice action, failed to comply with MCL 600.2912b; MSA 27A.2912(2), as enacted in 1993 PA 78, effective April 1, 1994, which, for cases filed on or after October 1, 1993, requires that such notice be given at least 182 days before the action is commenced. The court, George R. Corsiglia, J., denied the motions, ruling § 2912b inapplicable to the plaintiffs' action. The court also noted as inapplicable MCL 600.5856(d); MSA 27A.5856(d), as enacted in 1993 PA 78, effective April 1, 1994, which, for causes of action arising on or after October 1, 1993, tolls the two-year period of limitation, MCL 600.5805(4); MSA 27A.5805(4), for no longer than 182 days after notice is given if the cause of action otherwise would be barred because of the 182-day notice requirement of § 2912b. The defendants filed two appeals, which were consolidated.

The Court of Appeals *held*:

1. A statute of limitations may not be construed so as to impliedly abrogate a cause of action. Once a cause of action accrues, it becomes a vested right, and retrospective application of a law is improper where the law takes away or impairs vested rights acquired under existing laws.

2. In this case, §§ 2912b and 5856(d), when applied together, serve to vitiate accrued causes of action under facts such as those in the present case.

3. The proper remedy in this case is to make § 2912b applicable to the plaintiffs' action and § 5856(d) applicable despite its express provision that it does not apply to causes of action arising before October 1, 1993. Because dismissal of the plaintiffs' action would not be an adjudication on the merits, it would be without prejudice,

thereby allowing the plaintiffs to refile their action within the extended period of limitation, as tolled while this case was on appeal.

Reversed and remanded for entry of summary disposition for the defendants without prejudice to plaintiffs' right to refile the action.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

The statute that effective April 1, 1994, requires in medical malpractice actions filed on or after October 1, 1993, that written notice of an intent to file an action be given at least 182 days before the action is commenced and the statute that effective April 1, 1994, for causes of action arising on or after October 1, 1993, tolls the two-year period of limitation for no longer than 182 days after notice is given if the cause of action would otherwise be barred because of the 182-day notice requirement impermissibly abrogate those actions that accrue before October 1, 1993, but are filed after April 1, 1994, with less than 182 days before the applicable period of limitation expires; for those cases, the notice provision and the tolling provision are to apply, thereby making the actions subject to dismissal without prejudice to the plaintiffs' right to refile within the extended period of limitation (1993 PA 78, MCL 600.2912b, 600.5856[d]; MSA 27A.2912[2], 27A.5856[d]).

*Bremer, Wade, Nelson, Lohr & Corey* (by *Barbara L. Olafsson*), for Julie and Robert Morrison.

*Cholette, Perkins & Buchanan* (by *Albert J. Engel, III*), for Timothy K. Dickinson, M.D., and Allegan Medical Clinic, P.C.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for Allegen General Hospital.

Amici Curiae:

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Toth*), for Michigan Trial Lawyers Association.

*Kerr, Russell and Weber* (by *Richard D. Weber* and *Joanne Geha Swanson*), for Michigan State Medical Society.

Before: O'CONNELL, P.J., and SAWYER and BANDSTRA, JJ.

O'CONNELL, P.J. In these consolidated appeals, defendants appeal by leave granted the circuit court's order denying their respective motions for summary disposition. Defendants claim that the court erred as a matter of law in interpreting 1993 PA 78 contrary to its plainly stated language. We reverse and remand.

Plaintiff Julie Morrison sought prenatal care from defendant Timothy K. Dickinson, M.D., at defendant Allegan Medical Clinic, P.C., during the course of her third pregnancy. On May 21, 1992, defendant physician admitted Mrs. Morrison to defendant Allegan General Hospital to deliver the child. Plaintiffs allege that defendant physician failed to properly control the delivery and failed to maneuver the baby's head over the perineum. As a result of defendant physician's failures, Mrs. Morrison suffered a fourth-degree laceration, which defendant physician also treated unsuccessfully.

On April 28, 1994, the Morrisons' attorney wrote to each defendant, stating that the letter's purpose was to provide notice of the Morrisons' intent to file a medical malpractice claim against defendant physician, defendant clinic, and defendant hospital. Less than a month later, on May 19, 1994, the Morrisons filed their complaint, alleging medical malpractice against defendant physician, vicarious liability against defendant clinic, ostensible agency against defendant hospital, and loss of consortium against all three.

In lieu of answering the complaint, defendant physician moved for summary disposition, claiming that the Morrisons' complaint must be dismissed for fail-

ure to give 182 days' notice as required by MCL 600.2912b; MSA 27A.2912(2). Defendant hospital moved for summary disposition on identical grounds, and defendant clinic joined its codefendants' motions.

The circuit court denied defendants' motions for summary disposition, opining that 1993 PA 78 yielded an absurd, unjust, and clearly inconsistent result. The court reasoned that recent amendments of the law governing medical malpractice actions required the Morrisons to give 182 days' notice before filing their medical malpractice claim, yet, because of the Legislature's failure to amend all relevant statutes uniformly, failed to allow the Morrisons to take advantage of the amendment's tolling provision. The court concluded that neither the tolling provision nor the notice provision should be applied to the Morrisons' cause of action.

Defendants now appeal, challenging the circuit court's interpretation of § 2912b. We review de novo both questions of statutory interpretation and orders granting or denying motions for summary disposition. *Folands Jewelry Brokers, Inc v City of Warren,* 210 Mich App 304, 307; 532 NW2d 920 (1995); *Grebner v Clinton Charter Twp,* 216 Mich App 736; 550 NW2d 265 (1996).

Defendants first argue that the circuit court erred in interpreting MCL 600.2912b; MSA 27A.2912(2) contrary to its plainly stated requirement to provide 182 days' notice of intent to file a medical malpractice claim. The Legislature made a number of changes to the Revised Judicature Act when it enacted 1993 PA 78, which became effective on April 1, 1994, including three provisions that apply to this case. First, the Leg-

islature adopted a notice provision, providing as follows:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person had given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [MCL 600.2912b(1); MSA 27A.2912(2)(1).]

Second, the Legislature permitted a tolling of the period of limitation during the 182-day notice period, stating that the applicable period of limitation is tolled

> [i]f, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b [MCL 600.5856(d); MSA 27A.5856(d).]

The third relevant aspect of 1993 PA 78—the pertinent effective dates and the chronological parameters defining to what causes of action the amendments applied—was not codified. 1993 PA 78, § 4 provides as follows:

> (1) Section [ ] . . . 5856 [referring to the tolling provision] of Act No. 236 of the Public Acts of 1961, as amended by this amendatory act, do[es] not apply to causes of action arising before October 1, 1993.

> *          *          *

> (4) Section [ ] 2912b [referring to the notice provision] . . . of Act No. 236 of the Public Acts of 1961, as amended by this amendatory act, [applies] to cases filed on or after October 1, 1993.

The Legislature did not, however, amend the statute of limitations for medical malpractice actions, which provides:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the period of time prescribed by this section.
>
> *          *          *
>
> (4) Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice. [MCL 600.5805; MSA 27A.5805.]

In summary, the limitation period for medical malpractice actions is two years. MCL 600.5805(4); MSA 27A.5805(4). For causes of action *filed* on or after October 1, 1993, a plaintiff must provide 182 days' written notice before commencing suit. 1993 PA 78, § 4(4), MCL 600.2912b; MSA 27A.2912(2). If a cause of action would be barred because of the 182-day notice provision, the limitation period may be tolled for 182 days after notice is given. MCL 600.5856(d); MSA 27A.5856(d). However, this tolling provision does not apply to causes of action *arising* before October 1, 1993. See 1993 PA 78, § 4(1).

Applying the statutory scheme outlined above illustrates the Morrisons' dilemma, a dilemma that stems primarily from the Legislature's consideration of the date of filing significant in 1993 PA 78, § 4(4), and its consideration of the date the cause of action arises as significant in 1993 PA 78, § 4(1). The instant plaintiffs' cause of action arose on May 21, 1992. Pursuant to the applicable two-year statute of limitations, the Morrisons were permitted to file their complaint on

or before May 21, 1994. MCL 600.5805(4); MSA 27A.5805(4), MCL 600.5838a; MSA 27A.5838(1). Under MCL 600.2912b; MSA 27A.2912(2), which became effective April 1, 1994, the Morrisons were required to give 182 days' notice to defendants before filing their complaint.

The difficulty in the present case arises, however, from the fact that the tolling provision of MCL 600.5856(d); MSA 27A.5856(d) does not apply to plaintiffs. As stated above, their cause of action arose on May 21, 1992, that is, before October 1, 1993. While a tolling provision exists, MCL 600.5856(d); MSA 27A.5856(d), the tolling provision does *not* apply to causes of action arising before October 1, 1993, 1993 PA 78, § 4(1), though the notice provision does so apply. 1993 PA 78, § 4(4).

1993 PA 78 became effective on April 1, 1994, but by then the Morrisons could not possibly satisfy all the requirements of 1993 PA 78 without running afoul of the notice requirement of MCL 600.2912b; MSA 27A.2912(2) and the two-year limitation period of 600.5805(4); MSA 27A.5805(4). Under the plain language of 1993 PA 78, § 4(1), the tolling provision of MCL 600.5856(d); MSA 27A.5856(d) does not apply to the instant cause of action. Consequently, the Morrisons were required to provide defendants with notice of their intent to file a malpractice claim by November 19, 1993, so as to give 182 days' notice before filing their claim on May 21, 1994. However, the Morrisons gave notice of their intent to file suit only on April 28, 1994, and filed their complaint on May 19, 1994.

In short, though the Morrisons' cause of action had previously accrued, because of legislative amendment

of the pertinent statutes, the Morrisons' claim, as well as the actions of all those potential plaintiffs similarly situated, was vitiated. Implementation of the notice requirement effectively abrogated the Morrisons' claim despite the fact that it had already vested.

The circuit court realized the inequity of this result, and, apparently, refused to enforce either the notice requirement or the tolling provision and its limitation. After reviewing the applicable case law, we conclude that the notice requirement should have been applied to the present cause of action, but the limitation of the tolling provision should not have been applied.

As set forth in *Folands, supra,* "[w]hen interpreting a statute, our goal is to ascertain and effectuate the intent of the Legislature." The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990). Both the notice requirement and the tolling provisions are part of 1993 PA 78, and, together with MCL 600.5805; MSA 27A.5805, they address medical malpractice claims. These statutes must then be understood as having a common purpose and must be read together as one law. *Feld v Robert & Charles Beauty Salon,* 174 Mich App 309, 317; 435 NW2d 474 (1989), rev'd on other grounds 435 Mich 352; 459 NW2d 279 (1990). This rule's object is to effectuate the Legislature's purpose as expressed in these harmonious statutes. *Jennings v Southwood,* 446 Mich 125, 136-137; 521 NW2d 230 (1994).

Reading the notice provision and the tolling provision together, it is clear that the Legislature intended to toll the limitation period set forth in MCL 600.5805(4); MSA 27A.5805(4) during the pendency of

the notice period. *Frasier, supra,* p 744. However, the plain language of the related statutes serves to vitiate accrued causes of action under facts such as those in the present case, because though a plaintiff's action may have accrued, the intervening notice requirement coupled with the absence of a tolling provision effectively abrogates the claim. This the Legislature may not do, whether intentionally or unintentionally.

While the Legislature possesses the authority to expressly extinguish a common-law right, *Dyke v Richard,* 390 Mich 739, 745; 213 NW2d 185 (1973), a *statute of limitations* may not be construed so as to impliedly abrogate a cause of action. *Dyke,* p 746 states:

> Justice Cooley described our responsibility in dealing with such statutes of limitation in *Price v Hopkin,* 13 Mich 318, 324 (1865):
>
> "The general power of the legislature to pass statutes of limitation is not doubted. The time that these statutes shall allow for bringing suits is to be fixed by the legislative judgment, and where the legislature has fairly exercised its discretion, no court is at liberty to review its action, and to annul the law, because in their opinion the legislative power has been unwisely exercised. But the legislative authority is not so entirely unlimited that, under the name of a statute limiting the time within which a party shall resort to his legal remedy, all remedy whatsoever may be taken away. . . . It is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought [citations omitted] and a statute that fails to do this cannot possibly be sustained as a law of limitations, but would be a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law."
>
> Since "[i]t is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be

brought . . . ," *Price, supra,* a statute which extinguishes the right to bring suit cannot be enforced as a law of limitation.

This rule of law has also been phrased as follows: "It is clear that once a cause of action accrues, —i.e., all the facts become operative and are known—it becomes a 'vested right.' " *In re Certified Questions,* 416 Mich 558, 573; 331 NW2d 456 (1982). "[R]etrospective application of a law is improper where the law takes away or impairs vested rights acquired under existing laws . . . ." *Id.,* p 572 (internal quotation marks and citation omitted).

Turning, then, to the present case, 1993 PA 78 plainly states that "a person *shall not* commence an action alleging medical malpractice . . . unless the person has given . . . written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b; MSA 27A.2912(2) (emphasis supplied). The Legislature hereby established certain procedural rules pertaining to the filing of malpractice actions, an act well within its power. See *Dyke, supra,* quoting *Price, supra.* The public act simply mandates notice before a complaint is filed. *Mull v Equitable Life Assurance Society,* 444 Mich 508, 519; 510 NW2d 184 (1994). The Morrisons failed to comply with this statutory mandate because they failed to provide defendants with 182 days' notice before filing their complaint. Therefore, the circuit court erred as a matter of law when it did not dismiss the Morrisons' complaint. Accordingly, we reverse the order of the circuit court denying defendants' motion for summary disposition.

However, to address the tolling provision, 1993 PA 78 also plainly states that the period of limitation is tolled if "a claim would be barred . . . for not longer

than the number of days equal to the number of days in the applicable notice period . . . ." MCL 600.5856(d); MSA 27A.5856(d). The act's words unambiguously provide for tolling. *Frasier, supra,* p 744. Nevertheless, 1993 PA 78, § 4(1) states that MCL 600.5856(d); MSA 27A.5856(d), does "not apply to causes of action arising before October 1, 1993." Under the facts of the instant case, this would result in the abrogation of a vested cause of action under the guise of a procedural amendment of the pertinent statute of limitations. As made clear by our Supreme Court, *Dyke, supra; Price, supra; In re Certified Questions, supra,* such retrospective application is offensive to the constitutional guarantee that no person shall be deprived of property without due process of law. Therefore, 1993 PA 78, § 4(1) may not be enforced in cases such as the present matter where enforcement would vitiate an accrued medical malpractice claim without providing the potential plaintiff the benefit of the 182-day tolling provision.

Additionally, we would note that extant case law and this Court's interpretation of the 182-day tolling provision serve to preserve the causes of action of all plaintiffs situated similarly to the present plaintiffs. The tolling statute, MCL 600.5856; MSA 27A.5856, applies to prior suits that have not been adjudicated on the merits. *Buscaino v Rhodes,* 385 Mich 474, 482; 189 NW2d 202 (1971). "A dismissal without prejudice is not considered to be an adjudication on the merits, and therefore the tolling statute applies." *Federal Kemper Ins Co v Isaacson,* 145 Mich App 179, 183; 377 NW2d 379 (1985). Thus, the present plaintiffs, as well as the many plaintiffs who find themselves in the identical situation, enjoy the balance of the 182-day

tolling period remaining after suit was filed. Further, a limitation period is tolled during the pendency of an appeal. *Riza v Niagara Machine & Tool Works, Inc*, 411 Mich 915 (1981). Therefore, all plaintiffs finding themselves in the present plaintiffs' situation will be free to timely refile their suits following the dismissal of their actions.

Reversed and remanded. The circuit court is directed to enter an order granting summary disposition without prejudice in favor of defendants. Plaintiffs are free to refile their cause of action immediately, the 182-day notice period long having expired.