VANDENBERG v VANDENBERG

Docket No. 198176. Submitted February 10, 1998, at Lansing. Decided September 8, 1998, at 9:05 A.M.

Beverly VandenBerg, as personal representative of the estate of George T. VandenBerg, brought an action in the Ottawa Circuit Court against Peter M. VandenBerg, M.D.; Holland Surgical Associates, P.C.; and others, alleging medical malpractice. The court, Edward R. Post, J., granted summary disposition for the defendants on the basis of the plaintiff's failure to file an affidavit of merit signed by a health-care professional along with the complaint, as required by MCL 600.2912d; MSA 27A.2912(4). The plaintiff, who had served the defendants with an affidavit of merit when she served them with the complaint and summons, appealed by leave granted the order of summary disposition with respect to Dr. VandenBerg and Holland Surgical Associates only.

The Court of Appeals *held*:

MCL 600.2912d(1); MSA 27A.2912(4)(1) plainly states that the affidavit of merit must be filed with the complaint, but does not provide that a medical malpractice action must be dismissed when an affidavit of merit is not filed with the complaint. Dismissal is a drastic sanction that should not be imposed unless all other available options have been considered. Under the circumstances of this case, dismissal was not warranted inasmuch as the purpose of § 2912d—to deter frivolous medical malpractice claims—was fulfilled when the plaintiff served the defendants with an affidavit of merit at the same time she served them with the complaint and summons.

Reversed.

PRETRIAL PROCEDURE — MEDICAL MALPRACTICE ACTIONS — AFFIDAVITS OF MERIT.

The failure by a medical malpractice plaintiff to file an affidavit of merit signed by a health-care professional with the complaint, as required by statute, does not in all cases warrant dismissal of the action; dismissal is not warranted where a plaintiff served a defendant with an affidavit of merit at the same time the summons and complaint was served (MCL 600.2912d[1]; MSA 27A.2912[4][1]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stephen N. Leuchtman* and *Richard D. Toth*), for Beverly VandenBerg.

*Kerr, Russell and Weber, P.L.C.* (by *Joanne Geha Swanson*), and *Hackney & Grover* (by *Loretta B. Subhi*), for Peter M. VanderBerg, M.D., and Holland Surgical Associates, P.C.

Before: McDONALD, P.J., and SAWYER and HOEKSTRA, JJ.

McDONALD, P.J. In this medical malpractice case, plaintiff appeals by leave the trial court's order granting summary disposition to defendants on the basis of plaintiff's failure to file an affidavit of merit with her complaint. We reverse.

On September 29, 1995, plaintiff filed a complaint alleging defendants' medical malpractice resulted in the death of decedent, her husband. It is undisputed that at the time the complaint was filed, it was not accompanied by an affidavit of merit signed by a health-care professional as required by MCL 600.2912d; MSA 27A.2912(4). Dr. Stephen Goldstone signed an affidavit of merit on December 14, 1995. Defendants were served with the summons and complaint later in December. A copy of the affidavit of merit was served with the summons and complaint.

Defendants later moved for summary disposition pursuant to MCR 2.116(C)(8), arguing dismissal was warranted because plaintiff violated MCL 600.2912d; MSA 27A.2912(4). The trial court granted defendants' motion, reasoning that while the previous version of the statute allowed a plaintiff to file the affidavit of merit within ninety-one days of filing the complaint,

the current version of the statute clearly required the affidavit to be filed with the complaint. There is no indication in the record that the trial court considered any remedy other than dismissal.

On appeal, plaintiff argues the trial court erred in granting summary disposition to defendants. Plaintiff first argues that § 2912d does not mandate dismissal for noncompliance with its requirements and that the trial court should have imposed a less severe sanction for the violation in this case. Plaintiff also challenges § 2912d on constitutional grounds.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 233; 553 NW2d 371 (1996). Statutory interpretation is a question of law that this Court also reviews de novo. *In re Jagers*, 224 Mich App 359, 362; 568 NW2d 837 (1997).

Before addressing the constitutionality of a statute, we generally must examine alternative, nonconstitutional grounds that might obviate the necessity of deciding the constitutional questions. *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 706, n 3; 575 NW2d 68 (1997). Accordingly, we turn first to plaintiff's argument that dismissal was neither required by § 2912d nor warranted under the circumstances of this case.

The primary rule of statutory construction is to determine and effectuate the intent of the Legislature through reasonable construction, considering the purpose of the statute and the object sought to be accomplished. *Gross v General Motors Corp*, 448 Mich 147, 158-159; 528 NW2d 707 (1995); *Barr v Mount Brighton Inc*, 215 Mich App 512, 516; 546 NW2d 273 (1996). However, if the statutory language is clear and unambiguous, judicial construction is

neither required nor permitted and courts must apply the statute as written. *Id.* at 517.

MCL 600.2912d; MSA 27A.2912(4) provides, in relevant part:

> (1) Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness . . . .

We agree with the trial court that subsection 1 of the statute plainly states the affidavit of merit must be filed with the complaint.[1] However, the statute is silent regarding the consequence of not filing an affidavit of merit on time.

Before the amendment of the statute in 1993, § 2912d provided that a plaintiff must either file an affidavit signed by either the plaintiff or the plaintiff's attorney or post security for costs with the complaint. However, subsections 2 and 3 of § 2912d also provided that if the affidavit was filed within ninety-one days of the complaint or security was posted within ninety-one days, the plaintiff had complied with the statute. Subsection 5 allowed the court to grant a ninety-one day extension period in which the plaintiff could comply with the requirement of the statute. Finally, subsection 4 provided that if the plaintiff had not filed an affidavit and had not posted security for costs within ninety-one days of the filing of the com-

---

[1] Subsections 2 and 3 of the statute contain exceptions to the requirement that the affidavit of merit be filed with the complaint, MCL 600.2912d(2) and (3); MSA 27A.2912(4)(2) and (3), but neither one is relevant to this case.

plaint, or within the ninety-one-day extension period if applicable, then the court must increase the amount of security. If the plaintiff failed to post the increased security, the statute stated "the court may, upon motion and for good cause shown, dismiss the complaint without prejudice."

The amendment of the statute in 1993 substantially rewrote § 2912d so that a plaintiff must now file an affidavit of merit signed by a health professional, not the plaintiff or the plaintiff's attorney, and no longer has the option to post security for costs instead of filing an affidavit.[2] In this sense, it appears the Legislature made the filing requirements more stringent. However, the Legislature eliminated the portion of § 2912d that provided the trial court could dismiss the complaint if the requirements of the statute were not met. Even under the prior version of § 2912d, which specified consequences for noncompliance, dismissal was not mandated by the statute.

Defendants cite *Morrison v Dickinson*, 217 Mich App 308; 551 NW2d 449 (1996), in support of their claim that dismissal was the appropriate remedy for plaintiff's noncompliance with § 2912d. Defendants are correct that this Court has held that dismissal is required where a plaintiff fails to comply with the 182-day notice provision set forth in MCL 600.2912b; MSA 27A.2912(2). *Morrison, supra* at 317; *Neal, supra* at 714-715. However, the statute at issue in *Morrison* and *Neal* provides "a person *shall not commence* an action alleging medical malpractice . . . unless the person has given . . . written notice . . . not

---

[2] The amendment of the statute, 1993 PA 78, was effective April 1, 1994.

less than 182 days before the action is commenced." MCL 600.2912b(1); MSA 27A.2912(2)(1); *Neal, supra* at 715. While § 2912d states the affidavit of merit "shall" be filed with the complaint, it does not indicate the action may not be commenced without the affidavit. Accordingly, we do not believe § 2912d mandates dismissal for noncompliance.

Plaintiff also argues dismissal was an inappropriate sanction in this case. We agree. This Court has recognized that dismissal of a claim is a drastic sanction that should be taken cautiously. See *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Before imposing dismissal as a sanction, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper. *Id.*; *Hanks v SLB Management, Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991). It appears from the record the trial court erroneously believed the statute required dismissal for plaintiff's late filing of the affidavit of merit. Therefore, the trial court did not consider any other sanction for plaintiff's noncompliance with the statute.

Moreover, under the circumstances of this case, dismissal was not warranted. The parties agree the purpose of § 2912d is to deter frivolous medical malpractice claims. Plaintiff contends the purpose of the statute was fulfilled in this case because defendants were served with the affidavit of merit at the same time they were served with the complaint. However, defendants argue the statute was intended to prevent the filing of frivolous actions, and if suits are filed without the required affidavit of merit the purpose of § 2912d would be defeated. We agree with plaintiff. The purpose of the statute was served in this case

when defendants received service of the affidavit of merit along with the complaint. Defendants did not suffer any prejudice here where they had access to the affidavit of merit from the moment they received the complaint. Accordingly, the trial court should not have imposed the harsh sanction of dismissal in this case.

In light of our disposition of the nonconstitutional issue, we need not reach plaintiff's constitutional claims.

Reversed.