*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSICA FLAMONT,

      Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS, WOMEN'S
HURON VALLEY CORRECTIONAL FACILITY,
and WARDEN ANTHONY STEWART,

      Defendants-Appellants.

FOR PUBLICATION
October 04, 2024
2:27 PM

No. 367863
Washtenaw Circuit Court
LC No. 19-000237-CD

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

BORRELLO, P.J.

In this employment-discrimination action, defendants appeal as of right the trial court's order denying their motion for summary disposition based on governmental immunity. For the reasons set forth in this opinion, we reverse and remand for entry of an order granting summary disposition in favor of defendants.

## I. BACKGROUND

Defendant Huron Valley Correctional Facility (HVCF), is a women's correctional facility run by defendant Michigan Department of Corrections (MDOC). Defendant Anthony Steward served as the warden at HVCF. As a result of prior unrelated litigation, the MDOC created several hundred female-only corrections-officer positions; the female-only requirement was considered a "bona fide occupational qualification" in that only women were eligible for those positions.

Plaintiff, who is female, worked as a corrections officer at HVCF. Plaintiff alleged that she was repeatedly required to work excessive mandatory overtime hours without prior notice, which resulted in her working consecutive 16- to 19-hour workdays. She also alleged that similarly situated male corrections officers were not required to work excessive mandatory overtime shifts. Plaintiff asserted that the work schedule required by defendants negatively affected her health in a variety of ways that led to her 2016 resignation, which she characterized as a constructive discharge.

Plaintiff filed her complaint in the Washtenaw Circuit Court in 2019, asserting claims of sex discrimination in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*. It is undisputed that plaintiff had not filed in the Court of Claims the notice described in MCL 600.6431(1), which states in relevant part that "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies."[1]

In 2023, after the case had been stayed for a period of time and subsequently reinstated, defendants moved for summary disposition under MCR 2.116(C)(7). In their motion, defendants asserted that plaintiff's failure to comply with the requirements of MCL 600.6431 was fatal to her claims because the statutorily required notice was a condition precedent to overcoming governmental immunity, even when the action was filed in the circuit court. Defendants argued that our Supreme Court's decisions in *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), and *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66; 993 NW2d 392 (2023), applied retroactively and mandated this result.

In *Christie*, our Supreme Court held that "the notice requirements of MCL 600.6431(1) apply to all claims against the state, including those filed in the circuit court . . . ." *Christie*, 511 Mich at 45. In doing so, the Supreme Court expressly overruled this Court's contrary holding in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), that compliance with MCL 600.6431 was not required when proceeding against a state defendant in circuit court. *Id*. at 44-45. Our Supreme Court issued its opinion in *Elia* on the same day that it issued its opinion in *Christie* and applied the holding of *Christie* to resolve the appeal in *Elia*. *Elia*, 511 Mich at 71-75.

In response to defendants' motion, plaintiff did not claim she filed the notice described in MCL 600.6431(1). Instead, she argued that she was not required to comply with MCL 600.6431 because she did not file her action in the Court of Claims and *Christie* and *Elia* did not have retroactive effect.

The trial court ruled that the holding in *Christie* was not retroactive and denied defendants' motion for summary disposition on that basis. The court explained as follows:

> THE COURT: . . . I have consistently ruled over the decades that unless the legislature or the appellate court says it's retroactive I don't read between the lines and I don't -- I don't do that. If they want -- if this on appeal says, no, it should be retroactive, that's not for me to decide.

> Therefore, I agree with the plaintiff's position on this and the motion is denied on that basis. I am not giving it retroactive effect unless it is specifically laid out, okay.

---

[1] The exception in MCL 600.6431(5) for a "claim for compensation under the wrongful imprisonment compensation act" is inapplicable in the present case.

This appeal followed.

## II. ANALYSIS

On appeal, defendants argue that the trial court erred by ruling that the holding in *Christie* was not retroactive. Defendants further argue that under *Christie*, plaintiff's failure to comply with the requirements of MCL 600.6431(1) bars her claim and that the trial court therefore erred by denying defendants' motion for summary disposition.

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). Summary disposition is warranted under MCR 2.116(C)(7) if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . immunity granted by law . . . ." Whether governmental immunity applies is reviewed de novo as a question of law. *Ray*, 501 Mich at 61. The question whether compliance with MCL 600.6431 was required is an issue of statutory interpretation that is reviewed de novo. *Christie*, 511 Mich at 47. We also review de novo as a matter of law whether a judicial decision applies retroactively. *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 94; 795 NW2d 205 (2010).

In relevant part, MCL 600.6431(1) states that "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." It is undisputed that petitioner never made such a filing in the office of the clerk of the Court of Claims. Our Supreme Court held in *Christie* that "the notice requirements of MCL 600.6431(1) apply to all claims against the state, including those filed in the circuit court . . . ." *Christie*, 511 Mich at 45. The Court repeated that holding in *Elia*, 511 Mich at 71. In both *Christie* and *Elia*, the Supreme Court ruled that the defendant state entity was entitled to summary disposition because the plaintiff in each particular case had failed to comply with the requirements of MCL 600.6431(1) when filing the respective actions in the circuit court. *Christie*, 511 Mich at 64-65; *Elia*, 511 Mich at 71-72, 75.

Accordingly, under *Christie* and *Elia*, plaintiff's claim in this case is barred by her failure to comply with the requirements of MCL 600.6431(1) and defendants are entitled to summary disposition.

However, the decisions in *Christie* and *Elia* were issued while plaintiff's claim was pending in the trial court, and the trial court denied defendants' motion for summary disposition based on its conclusion that the holding in *Christie* was not retroactively applicable to the present matter. The trial court's ruling implicitly extends to the holding in *Elia*. Plaintiff maintains on appeal that the trial court's ruling was correct.

We begin our analysis with the "general rule" that "judicial decisions are given full retroactive effect." *Pohutski v City of Allen Park*, 465 Mich 675, 695; 641 NW2d 219 (2002). "Rules determined in opinions that apply retroactively apply to all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the appellate court's] announcement of the rule[s]." *McNeel*, 289 Mich App at 94 (quotation marks and citation omitted;

second alteration in original). Our Supreme Court has indicated that a "more flexible approach" is appropriate if "injustice might result from full retroactivity" and that "a holding that overrules settled precedent *may* properly be limited to prospective application." *Pohutski*, 465 Mich at 696 (emphasis added). "Rules determined in opinions that apply prospectively only . . . not only do not apply to cases still open on direct review, but do not even apply to the parties in the cases in which the rules are declared." *McNeel*, 289 Mich App at 94.

Our Supreme Court has stated the test in Michigan for resolving the question of a judicial decision's retroactivity as follows:

> [T]here is a "threshold question whether the decision clearly establishe[s] a new principle of law." If a decision establishes a "new principle of law," we then consider three factors: "(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." [*League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 565-566; 975 NW2d 840 (2022), quoting *Pohutski*, 465 Mich at 696 (second alteration in original).]

Regarding the threshold question whether a court's decision constitutes a new rule of law, "[a] rule of law is *new* for purposes of resolving the question of its retroactive application . . . either when an established precedent is overruled or when an issue of first impression is decided which was not adumbrated by any earlier appellate decision." *League of Women Voters*, 508 Mich at 566 (ellipsis in original). "If the decision does not announce a new principle of law, then full retroactivity is favored." *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 190; 596 NW2d 142 (1999). Thus, "the first criterion that must be determined in deciding whether a judicial decision should receive full retroactive application is whether that decision is establishing a new principle of law, either by overruling clear past precedent on which the parties have relied or by deciding an issue of first impression where the result would have been unforeseeable to the parties." *Id*.

Our first task is therefore to determine whether *Christie* announced a new rule of law. To do so, we must first discuss this Court's holding in *Tyrrell*.

This Court issued its opinion in *Tyrrell* on December 22, 2020—after plaintiff had already filed the present action. In *Tyrrell*, the plaintiff filed a civil rights action in the circuit court against the University of Michigan and certain employees of the university. *Tyrrell*, 335 Mich App at 258. The defendants moved for summary disposition on the ground that the plaintiff had failed to comply with the requirements in MCL 600.6431(1), which necessitated the dismissal of the plaintiff's claims. *Id*. The trial court denied the defendants' motion, and they appealed. *Id*. This Court stated that the issue presented was "whether a plaintiff who files an action in circuit court against a state defendant is required to comply with MCL 600.6431(1) of the Court of Claims Act (COCA), MCL 600.6401 *et seq*.," which "in turn require[d] . . . address[ing] whether compliance with MCL 600.6431(1) is a question of governmental immunity or a question of compliance with the rules for proceeding in the Court of Claims." *Id*. at 257.

The panel noted that these were unresolved questions in this state's jurisprudence. *Id*. at 260, 266. This Court interpreted MCL 600.6401 and held that based on reading the COCA as a

whole and the placement of MCL 600.6401 within the statutory scheme, "the Legislature intended for MCL 600.6431 to apply only to claims brought in the Court of Claims." *Id.* at 269. The panel further held that compliance with MCL 600.6431(1) did not implicate governmental immunity unless the Legislature conditioned its consent to be sued on compliance with the COCA. *Id.* at 264, 270-271. Thus, this Court affirmed the trial court's denial of the defendants' motion for summary disposition. *Id.* at 272. The application for leave to appeal to the Michigan Supreme Court was dismissed for being untimely. *Tyrrell v Univ of Mich*, 507 Mich 990; 959 NW2d 719 (2021).

In *Christie*, our Supreme Court held that "the Court of Appeals in *Tyrrell* erred by concluding that MCL 600.6431(1)'s notice requirements apply only to claims initiated against the state in the Court of Claims." *Christie*, 511 Mich at 44. The plaintiff in *Christie* filed a civil rights action against the defendant university in the circuit court. *Id.* at 43. The circuit court denied the defendant's motion for summary disposition that was based on the plaintiff's failure to comply with MCL 600.6431(1). *Id.* at 43-44. This Court affirmed, relying on the holding in *Tyrrell* that a plaintiff is not required to comply with MCL 600.6431 when proceeding against a state defendant in circuit court. *Id.* at 44.

Our Supreme Court reversed and remanded the matter to the circuit court for entry of an order granting summary disposition in the defendant's favor. *Id.* at 45. The Supreme Court acknowledged that the *Tyrrell* panel had addressed an issue of first impression regarding whether MCL 600.6431 applied to actions filed outside the Court of Claims. *Id.* at 51. Nonetheless, the Court explained its holding and reasoning as follows:

> In short, under the unambiguous language of MCL 600.6431, any claim against the state, regardless of where it is filed, must comply with MCL 600.6431(1)'s notice requirements, except for claims brought under the [Wrongful Imprisonment Compensation Act] as exempted in MCL 600.6431(5). The notice provision's statutory history supports this conclusion. Accordingly, the Court of Appeals in *Tyrrell* incorrectly read a forum limitation into MCL 600.6431, which, by its express terms, applies without limitation to all claims against state defendants, including those filed in the circuit court. It is undisputed that plaintiff did not file the required notice with the clerk of the Court of Claims. Consequently, plaintiff's failure "to comply strictly with this notice provision warrants dismissal of the claim[s], even if no prejudice resulted." [*Id.* at 57 (citation omitted; second alteration in original).]

Furthermore, the Supreme Court also held that the COCA was "this state's controlling legislative expression of waiver of the state's sovereign immunity from direct action suit against it and its agencies and of their submission to the jurisdiction of a court," which meant that "when the Legislature enacted the COCA, it expressly conditioned its waiver of the state's sovereign immunity on compliance with the procedures set forth in the notice requirement now contained in MCL 600.6431(1)." *Id.* at 58-59.

It is evident from the Supreme Court's reasoning in *Christie* that the Court's decision was based on construing the plain and unambiguous language of MCL 600.6431 to reach a determination that was further supported by the operation of the COCA as a limited waiver of the

-5-

state's sovereign immunity. See *id*. at 57-59; see also *id*. at 44-45. Our Supreme Court has explained that it does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent because in that situation, the Supreme Court has "reaffirmed the existing law that was misinterpreted by the Court of Appeals." *Mich Ed Employees Mut Ins Co*, 460 Mich at 196-197.

> A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power. [*Id*. at 196 (quotation marks and citation omitted).]

In *Christie*, our Supreme Court clearly declared the meaning of the law as it existed, based on the unambiguous statutory language, and corrected a relatively short-lived misinterpretation of the law that had "served to thwart the legislative intent and the mandated result." *Id*. at 196-197 (quotation marks and citation omitted). Therefore, because the holding in *Christie* did not constitute a new rule, it has full retroactive effect and therefore applies in the present case. *League of Women Voters*, 508 Mich at 565-566; *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich at 190. This conclusion is further supported by the fact that our Supreme Court applied its *Christie* holding to the parties in *Christie* and *Elia*, both of which were decided on the same day, see *Christie*, 511 Mich at 44-45; *Elia*, 511 Mich at 71-72, 75, thereby demonstrating that the Supreme Court viewed its *Christie* holding as fully retroactive, *McNeel*, 289 Mich App at 94. The trial court erred by failing to give *Christie* retroactive effect. As previously explained, under *Christie*, defendants were entitled to summary disposition.

Plaintiff argues that applying *Christie* retroactively is unconstitutional because doing so impairs her vested right in her cause of action without due process. Plaintiff relies on *In re Certified Questions*, 416 Mich 558; 331 NW2d 456 (1982) and *Morrison v Dickinson*, 217 Mich App 308; 551 NW2d 449 (1996). However, both of those cases involved the issue of whether a statute operated retroactively, not a judicial opinion; the test for retroactivity of a statute is different. See *In re Certified Questions*, 416 Mich at 570-571; *Morrison*, 217 Mich App at 317. Therefore, plaintiff's reliance on these cases is misplaced and plaintiff has not demonstrated that we must reach a different conclusion on the retroactivity of *Christie*.

We reverse for entry of summary disposition for defendant. Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendants having prevailed in full are entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica